# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1662

_____

United States of America,

*Plaintiff - Appellee,*

v.

Noah Dilliplane,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: October 3, 2014
Filed: October 8, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Noah Dilliplane directly appeals the sentence the district court[1] imposed after he pled guilty to a firearm charge. His counsel has filed a brief under *Anders v.*

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

*California*, 386 U.S. 738 (1967), arguing that the district court erred in applying a sentencing enhancement based on Dilliplane's possessing the firearm in connection with another felony. Counsel also seeks leave to withdraw.

Upon careful review, we conclude that the challenged enhancement was proper. The district court found the witness who testified at the sentencing hearing to be credible, and this determination is virtually unreviewable on appeal. *See United States v. Walker*, 688 F.3d 416, 422 (8th Cir. 2012). Because the testimony reflected that Dilliplane pointed the gun at the witness while fleeing, the district court did not clearly err in finding that Dilliplane possessed a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6) & comment. (n.14) (providing for enhancement; defining "in connection with another felony offense"); *United States v. Marks*, 328 F.3d 1015, 1017 (8th Cir. 2003) (standard of review); *see also* Ark. Code Ann. § 5-13-204 (felony aggravated assault under Arkansas law). Further, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. *See United States v. Eredia*, No. 13-3538, slip op. at 2-3 (8th Cir. Oct. 2, 2014) (unpublished) (Colloton, J., concurring in part and dissenting in part).

_____