# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2622
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Steele

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 14, 2018
Filed: August 13, 2018

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

The Major Crimes Act "makes burglary committed by an Indian within 'Indian country' a federal crime." *United States v. Norquay*, 905 F.2d 1157, 1158 (8th Cir. 1990) (quoting 18 U.S.C. § 1153(a)). While on supervised release for a burglary covered by the Major Crimes Act, Richard Steele had several encounters with police

and eventually admitted to using marijuana. The district court[1] sentenced him to three years in prison for violating his supervised-release conditions. Steele argues his sentence is longer than the law allows and longer than any reasonable judge could think necessary. We hold that it is not and affirm.

I.

The maximum sentence an individual may receive for violating the terms of supervised release generally depends on the severity of the original crime. *See* 18 U.S.C. § 3583(e)(3). For the most serious crimes, Class A felonies, the maximum sentence is five years; for Class B felonies, it is three years; for Class C and D felonies, two years; and for all other offenses, one year. *See id.* Steele's three-year sentence would exceed the statutory maximum unless the burglary he committed was either a Class A or a Class B felony.

The Major Crimes Act does not explicitly assign a "letter grade" to Steele's crime. *See id.* § 1153. We therefore turn to 18 U.S.C. § 3559(a), which applies when an offense "is not specifically classified by a letter grade." This provision classifies federal offenses according to the "maximum term of imprisonment authorized." Crimes with a maximum sentence of life imprisonment (or death) are Class A felonies; those with a maximum sentence of twenty-five years or more in prison are Class B felonies; those with a maximum sentence of less than twenty-five but at least ten years in prison are Class C felonies; and so on. *Id.* § 3559(a)(1)–(5).

The question presented, then, is whether Steele's burglary conviction had a maximum sentence of at least twenty-five years in prison. If so, then his original crime was a Class B felony or higher and the district court's sentence of three years

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

in prison did not exceed the statutory maximum. *See id.* §§ 3559(a)(2), 3583(e)(3). If not, it was at most a Class C felony and Steele's sentence is illegal because it exceeds the statutory-maximum term of imprisonment by at least one year. *See id.* §§ 3559(a)(3), 3583(e)(3). The Major Crimes Act itself does not answer this question, because it does not directly authorize sentences of any particular length. Instead, it "incorporates the law of the state in which the burglary was committed," both in "defining the crime and establishing the punishment." *Norquay*, 905 F.2d at 1158–59; *see also* 18 U.S.C. § 1153(b).

Steele committed his burglary in McLaughlin, South Dakota, on the Standing Rock Indian Reservation. The government charged Steele under the Major Crimes Act based on a violation of South Dakota's first-degree-burglary statute, S.D. Codified Laws § 22-32-1(1), which carries a maximum term of imprisonment of twenty-five years in prison, *id.* § 22-6-1(5), -32-1. With a statutory-maximum sentence of twenty-five years, Steele's burglary offense was a Class B felony under 18 U.S.C. § 3559(a)(2), placing his revocation sentence right at the statutory maximum of three years in prison. *See* 18 U.S.C. § 3583(e)(3).

In arguing that his sentence is unlawful, Steele makes two counterarguments, neither of which is persuasive. The first is a bit of alphabet soup and involves mixing and matching the letter grades under federal law with the alphanumeric classification system used in South Dakota. In South Dakota, the classification of felonies ranges from Class A to Class C, then from Class 1 to Class 6, with Class A being the most serious and Class 6 the least so. *See* S.D. Codified Laws § 22-6-1. On that scale, first-degree burglary is a Class 2 felony, *id.* § 22-32-1, making it far less serious than a Class B felony. In Steele's view, this means that his Major Crimes Act conviction must be below a Class B felony as a matter of federal law too.

It is understandable that Steele would confuse the South Dakota felony-classification system with the similar-sounding system under federal law,

particularly because the Major Crimes Act explicitly incorporates state law in defining crimes and establishing punishments.  But the incorporation ends there because the Major Crime Act makes no mention of letter grades.  This is why we turned to 18 U.S.C. § 3559, which classifies federal felony offenses according to the "maximum term of imprisonment authorized" in the absence of an explicitly assigned letter grade. Simply put, only the federal letter grade assigned to Steele's offense is relevant to determining the statutory-maximum revocation sentence that Steele was eligible to receive, so it makes no difference that Steele's burglary was less serious than a Class B felony under South Dakota law.  *See id.* § 3583(e)(3).

In a turnabout from his first argument, Steele claims that it "makes no sense" to base the federal classification of his crime on a statutory-maximum sentence borrowed from South Dakota law.  Relying on differences in how good-behavior credits and parole are handled under state and federal law, Steele says a twenty-five-year state sentence is "dramatically different" from a twenty-five-year federal sentence.  True or not, Steele's observation is beside the point because the twenty-five-year sentence he faced under the Major Crimes Act was a *federal* sentence, not a state sentence.  The twenty-five-year statutory maximum came from a South Dakota statute, to be sure, but Steele was still sentenced by a federal judge, to serve federal time, in a federal prison, for a federal crime.  *See United States v. Long Elk*, 565 F.2d 1032, 1040 (8th Cir. 1977) ("Although the [Major Crimes Act] adopts state law for certain purposes, the offense remains a federal offense . . . ."). And federal law classifies a federal crime with a twenty-five-year maximum sentence as a Class B felony, regardless of how long the defendant actually spends in prison or whether a state prisoner could serve less time for committing the same wrongful act. *See* 18 U.S.C. § 3559(a).

## II.

Steele also argues that his three-year sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion and generally defer to the district court's judgment. *See, e.g.*, *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008).

While on supervised release for a violent burglary, Steele used marijuana repeatedly and allegedly committed two violent acts, once threatening his neighbors with a baseball bat and later assaulting his girlfriend, possibly breaking her nose. The district court explained the reasons for imposing a three-year sentence, emphasizing that it had treated Steele leniently, both in this case and others, but that he still could not comply with the terms of supervised release. The court clarified, however, that it was taking his entire criminal history into account, "not sentencing him again, if you will, for that conduct which caused the Court in other cases to revoke his supervised release." Steele refuses to accept the court's explanation, suggesting that because the cause of the revocation was "merely [his] use of marijuana," the length of the sentence demonstrates that the court was in fact punishing him again for his past misconduct.

Contrary to Steele's argument, however, the district court was not required to view Steele's drug use in isolation and ignore all his other misconduct, even if his drug use ended up being the proverbial last straw in a course of supervised-release violations. Rather, the court was required to consider Steele's "history and characteristics," as well as the need to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes," in setting his sentence. 18 U.S.C. § 3553(a)(1), (2)(B), (C); *see also id.* § 3583(e). Conducting an individualized assessment under section 3553(a) can certainly include accounting for past misconduct and a "terrible history" on supervised release.

Finally, Steele argues that his sentence must be substantively unreasonable because the government originally sought a sentence substantially shorter than the one he received. In weighing the statutory factors, however, the district court was entitled to conduct its own analysis and reach a conclusion of its own, even if it deviated from the parties' recommendations. Just because the government believed that Steele deserved a lesser sentence does not mean that the court had to as well. *Cf., e.g.*, *United States v. Mesteth*, 687 F.3d 1034, 1035–37 (8th Cir. 2012) (affirming a sentence of sixty months in prison when all the government had requested was a thirty-seven-month sentence).

### III.

We affirm the judgment of the district court.

_____