COLLOTON, Circuit Judge.
*702 Michael Johnson pleaded guilty in 2016 to possession with intent to distribute cocaine base. Police arrested Johnson after a traffic stop and found him in possession of two baggies that contained rocks of crack cocaine. A search of Johnson's pocket discovered 22.9 grams of cocaine base and $895 in cash.
At sentencing, the district court[1] calculated an advisory guideline range of 57 to 71 months' imprisonment, but concluded that several factors justified an upward variance from the advisory range and imposed a sentence of 204 months. In announcing the sentence, the district court explained that the advisory guidelines were "way insufficient in this case," because "[t]hey're not even close to addressing [Johnson's] criminal history, the nature of this crime, the need to protect the public," and "[t]he need for deterrence."
Johnson appeals first on procedural grounds. He argues that the district court committed procedural error by sentencing him according to a supposedly inflexible "stair-step" rule, under which "you don't get less time the more crimes you commit." Johnson perceives a "categorical rule" in which a federal sentence must always be longer than a previous term of incarceration, and complains that the district court focused on this rule to the exclusion of other factors under 18 U.S.C. § 3553(a).
The court's full comment was this: "You know, my position is you don't get less time the more crimes you commit for deterrence to take effect." The need for a sentence to afford adequate deterrence is a proper consideration under § 3553(a)(2)(B), and the district court's attention to the need for specific deterrence in this case was neither impermissible nor inflexible. See United States v. Stone , 873 F.3d 648, 649 (8th Cir. 2017) (per curiam). Johnson's contention that the district court ignored the other § 3553(a) factors is not supported by the record. The court discussed the guideline calculation, the serious nature of Johnson's offense, Johnson's criminal history and characteristics, the need to protect the public, and the need to accomplish specific deterrence, ultimately concluding that an upward variance to 204 months was appropriate. Johnson's real complaint seems to be that the court evaluated one or more factors differently than Johnson would have liked on the facts of this case. We see no procedural error in the court's consideration of the § 3553(a) factors.
Johnson also contends that his sentence is substantively unreasonable. He asserts that a 204-month sentence is excessive in light of his advisory guideline range *703 of 57 to 71 months. He complains that the district court placed undue weight on his criminal history, particularly a 1977 second-degree murder conviction that did not receive criminal history points under the guidelines. Johnson further contends that the district court failed to give enough weight to the non-violent nature of his offense and the relatively small amount of cocaine in his possession. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States , 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We may consider the extent of any deviation from the guideline range, id. at 47, 128 S.Ct. 586, but Gall forbids requiring proportional justifications for variances from the range, and even extraordinary variances do not require extraordinary circumstances. United States v. McGhee , 512 F.3d 1050, 1052 (8th Cir. 2008) (per curiam).
We conclude that the district court did not abuse its discretion. The district court has "wide latitude" to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others. United States v. Bridges , 569 F.3d 374, 379 (8th Cir. 2009). For example, while Johnson views his offense of conviction as a non-violent crime involving a small amount of cocaine, the court permissibly considered it a "serious crime" because "[c]rack cocaine is a plague on the community."
The district court did focus on Johnson's second-degree murder conviction, calling it "the elephant in the room," and remarking that "this is the lowest guideline range I've seen on anybody with a murder conviction." But that was not the only consideration that supported the sentence imposed. The court also cited the serious nature of the underlying offense, Johnson's 107 conduct violations while in prison, Johnson's many violations of release conditions during periods of correctional supervision, prior convictions for offenses similar to the instant drug trafficking offense, a prior domestic assault conviction, the need to protect the public, and the need to accomplish specific deterrence.
Johnson's criminal history was an appropriate factor to consider, see § 3553(a)(1), and the district court may consider prior convictions that received no criminal history points. United States v. Abrica-Sanchez , 808 F.3d 330, 335 (8th Cir. 2015). The murder conviction was old but very serious, and the court was permitted to disagree with the advisory guidelines when they gave zero weight to this serious aspect of Johnson's criminal history. It was also reasonable for the court to view Johnson's complete history as "a big problem." Johnson was convicted of murder in 1977 and eventually discharged from parole in October 1995, but he was promptly convicted of conspiracy to distribute cocaine base in November 1995. That offense was followed by a domestic assault in 2008, drug possession in 2009, parole violations in 2011 and 2013 for drug trafficking and possession of drug paraphernalia, respectively, another drug paraphernalia conviction in 2014, and the instant drug trafficking offense also in 2014.
Viewing the record as a whole, the district court faced a defendant who had committed a serious drug offense after a lengthy and sustained criminal history that included a murder, a pattern of drug-related offenses, and a history of incorrigibility while on supervision. Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," Gall , 552 U.S. at 51, 128 S.Ct. 586, we conclude that there was no abuse of discretion in imposing a term of 204 months' imprisonment.
*704 Johnson insists that United States v. Martinez , 821 F.3d 984 (8th Cir. 2016), dictates reversal, but the circumstances in that case are distinguishable. In one of this court's more aggressive applications of abuse-of-discretion review, a divided panel held that a variance from an advisory range of 121-151 months to 262 months for a drug trafficking defendant was not permissible. In support of a variance, the sentencing court had cited the defendant's prior convictions for unlawful discharge of a firearm and escape while under arrest on a felony charge, and photos and videos showing his ties to gangs. This court reasoned that the guidelines already accounted for the prior convictions, and that the evidence of gang ties did not show any violent behavior, so the district court "gave undue weight to Martinez's violent past to justify its extreme deviation from the guideline range." Id. at 990. Here, of course, Johnson's violent past involved murder, not discharge of a firearm and escape, and the guidelines assessed no points for the murder conviction. The district court cited several other factors not present in Martinez that supported an upward variance. Martinez thus does not preclude the district court's exercise of judgment in the different circumstances presented here.
The judgment of the district court is affirmed.

The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.