# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1242
_____

United States of America

*Plaintiff - Appellee*

v.

Michael A. Obie, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 12, 2019
Filed: February 4, 2020
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Michael Obie, Jr., appeals his sentence of 72 months of imprisonment for violating the terms and conditions of his supervised release. Obie argues the district

court's[1] decision to vary upward from the recommended 5–11 month range in the U.S. Sentencing Guidelines Manual ("Guidelines") was reversible error. We disagree and affirm.

In 2006, Obie pled guilty to one count of conspiracy to possess with intent to distribute cocaine and one count of possession with intent to distribute cocaine. In 2007, he was sentenced to 120 months of imprisonment. Obie's sentence was later reduced, and he began a five-year term of supervised release in October 2014.

At his revocation of supervised release hearing in 2017, Obie admitted to four separate violations of the terms and conditions of his supervised release. The district court found him guilty of an additional — fifth — violation. Specifically, he committed another federal, state, or local crime; he failed to notify his probation officer within seventy-two hours that he had been arrested or questioned by law enforcement; he failed to notify his probation officer of a change in residence or employment; he used drugs or alcohol; and he failed to complete forty hours of community service. The district court sentenced Obie to time served, continued him on his original five-year term of supervised release, and warned him that additional violations would result in revocation of his supervised release and 5–10 years of imprisonment.

At his second revocation hearing in 2018, Obie admitted he again violated the condition that he notify his probation officer within seventy-two hours of a change in employment. The district court also found that Obie violated the conditions that require him to truthfully answer the questions asked by his probation officer and to follow the instructions of his probation officer. Specifically, the district court found Obie had lied to his probation officer about his employment and residence. In 2018,

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Obie moved twice without informing his probation officer, misled his probation officer about where he was employed, and failed to stay at his residence several times without informing his probation officer.

The recommended sentence under the Guidelines was 5–11 months of imprisonment, and the government recommended eleven months with no term of supervised release to follow. However, the district court varied upward substantially, and sentenced Obie to two consecutive 36-month terms of imprisonment — one for each crime of conviction — with no term of supervised release to follow. In reaching this sentence, the district court reiterated that during the 2017 hearing it warned Obie that additional violations of his supervised release would result in 5–10 years of imprisonment. It also cited several of the 18 U.S.C. § 3553(a) factors as bases for the sentence imposed. *See* 18 U.S.C. § 3583(e)(3) (listing certain § 3553(a) factors district courts are to consider when revoking a term of supervised release and requiring the defendant to serve all or part of the term of supervised release in prison).

On appeal, Obie challenges only the substantive reasonableness of his sentence, arguing the district court clearly erred in weighing the applicable § 3553(a) factors. *See United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009) (bypassing review for procedural error when the defendant raises only a substantive-reasonableness challenge).

"[W]e review the district court's revocation sentencing decision 'under the *same* deferential-abuse-of-discretion standard that applies to *initial* sentencing proceedings.'" *United States v. Johnson*, 827 F.3d 740, 744 (8th Cir. 2016) (quoting *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014)). Our review must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). However, district courts have "'wide latitude' to weigh the § 3553(a) factors in each case and

to assign some factors greater weight than others." *United States v. Johnson*, 916 F.3d 701, 703 (8th Cir. 2019) (quoting *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

At more than six times the high end of the Guidelines range and equivalent to the statutory maximum for either of his crimes of conviction, Obie's sentence was harsh. Yet, guided by the controlling precedents, we conclude this is not the unusual case where reversal for substantive unreasonableness is appropriate. *See Johnson*, 916 F.3d at 703 ("*Gall* forbids requiring proportional justifications for variances from the range, and even extraordinary variances do not require extraordinary circumstances."). The district court properly considered the applicable § 3553(a) factors, emphasizing Obie's past violations of his supervised release conditions and his continuing pattern of failing to notify his probation officer of changes in his employment and residence. *United States v. Steele*, 899 F.3d 635, 639 (8th Cir. 2018) ("Conducting an individualized assessment under section 3553(a) can certainly include accounting for past misconduct and a 'terrible history' on supervised release."). And the district court did not abuse its discretion by deciding to give these factors significant weight to determine Obie's revocation sentence. *See Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

Obie argues this case is similar to *United States v. Michael* where the court found that a revocation sentence was substantively unreasonable. 909 F.3d 990, 995 (8th Cir. 2018). Obie first argues it is significant his sentence was more than six times the government's recommendation because in *Michael* the court noted the sentence imposed "was more than twice what the prosecutor recommended." *Id.* at

993. Although we consider the "extent of any variance from the *Guidelines range*[,]" *Feemster*, 572 F.3d at 461 (emphasis added), the district court was entitled to deviate from the government's recommendation. *Steele*, 899 F.3d at 639 ("Just because the government believed that [the defendant] deserved a lesser sentence does not mean that the court had to as well.").

Next, Obie argues the district court's explanation for its extreme upward variance is lacking because it justified the variance by citing Obie's past supervised release violations with no evidence of the "specific nature" of those violations. *See Michael*, 909 F.3d at 995 (finding the evidentiary record did not support the sentence imposed and that the district court failed to explain its upward variance). However, the record is clear that between his past violations and his most recent violations, Obie had a pattern of failing to notify his probation officer of certain events, like changes in residence, changes in employment, and encounters with law enforcement. And the district court expressly found that Obie regularly lied to his probation officer about where he lived and worked. The district court then explained Obie's pattern of dishonesty and supervised release violations demonstrated an inability to abide by the terms and conditions of supervised release and a disrespect for the law. *See* 18 U.S.C. §§ 3553(a), 3583(e)(3). The district court also considered the need for deterrence and the need for the court to know where individuals on supervised release live and work. Thus, we conclude neither the record nor the district court's explanation for the sentence imposed render Obie's sentence substantively unreasonable.

Because we find no substantive error in the district court's revocation sentence, we affirm.

————————————————