# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2464
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan Brian Poynor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 10, 2021
Filed: June 14, 2021
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jonathan Brian Poynor pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In calculating Poynor's sentencing range under the U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.), the

district court[1] determined that Poynor's base offense level was 14, U.S.S.G. § 2K2.1(a)(6), increased the offense level by 4 because Poynor used or possessed the firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6)(B), and reduced the offense level by 3 for acceptance of responsibility, U.S.S.G. § 3E1.1. With a total offense level of 15 and a criminal history category of III, Poynor's sentencing range was 24 to 30 months' imprisonment. The district court varied upward and sentenced him to 90 months' imprisonment.

Poynor argues that the district court erred in applying the 4-level enhancement because the government failed to prove that he used or possessed the firearm in connection with another felony offense. We disagree. Poynor's ex-girlfriend Sonja Hutchison testified that Poynor used crystal methamphetamine and pointed a gun at her on October 20, 2017. She thereafter moved out of their shared home. Hutchison testified that a week later, she and Poynor passed each other while driving and decided to pull their vehicles into a nearby graveyard, where Poynor pointed a gun at her and said that he "was going to f---ing kill [her] if [she] didn't stop." She understood that to mean Poynor would kill her if she continued to "not talk[] to him." According to Hutchison, Poynor also threw objects toward her truck's open window, broke her side mirror, hit her windshield, and drove into her truck. After Poynor drove away, Hutchison drove to her cousin's home, where they called the police. The responding officer testified that Hutchison was upset when he arrived and that she recounted that Poynor "pulled a gun, cocked it, threatened to kill her, and then threw a bullet inside her vehicle."

The evidence in support of the enhancement was substantial, if indeed not overwhelming. We reject Poynor's contention that Hutchison's testimony was so exaggerated or inconsistent that the district court clearly erred in deeming it credible.

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

See United States v. McGee, 890 F.3d 730, 734 (8th Cir. 2018) ("A district court's findings with respect to witness credibility are almost never clear error given the district court's comparative advantage at evaluating credibility." (alteration omitted) (quoting United States v. Bridges, 569 F.3d 374, 377 (8th Cir. 2009))); United States v. Jones, 628 F.3d 1044, 1047 (8th Cir. 2011) ("A district court's finding that a witness's testimony is credible is only error in extreme circumstances, such as when the witness testified to facts that are physically impossible."). The record supports the district court's finding that Poynor pulled up next to Hutchison, "pointed a gun at her, cocked it, and threatened to kill her," and we thus conclude that the district court properly applied the 4-level enhancement for using or possessing the firearm in connection with another felony offense. See United States v. Dilliplane, 577 F. App'x 640, 641 (8th Cir. 2014) (per curiam) (where testimony reflected that defendant pointed the gun at the witness, district court did not clearly err in finding that the defendant possessed a firearm in connection with another felony offense, namely, felony aggravated assault under Ark. Code. Ann. § 5-13-204).

Poynor next argues that his 90-month sentence is substantively unreasonable in light of his advisory Guidelines range of 24 to 30 months' imprisonment. We review for abuse of discretion the substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 51 (2007). "We may consider the extent of any deviation from the guideline range, but Gall forbids requiring proportional justifications for variances from the range, and even extraordinary variances do not require extraordinary circumstances." United States v. Johnson, 916 F.3d 701, 703 (8th Cir. 2019) (citations omitted).

For the reasons set forth above, we reject Poynor's contention that the district court erred by relying on Hutchison's testimony to support the upward variance. Moreover, the district court could fairly conclude that the 4-level enhancement failed to adequately account for Poynor's offense conduct in light of Poynor's use of the firearm to threaten to kill Hutchison. See 18 U.S.C. § 3553(a)(1) (instructing

sentencing court to consider "the nature and circumstances of the offense"); United States v. Hammerschmidt, 881 F.3d 633, 640 (8th Cir. 2018) (district court may vary upward "based on facts already included in the advisory sentencing guidelines where the advisory guidelines do not fully account for those facts" (quoting United States v. Fiorito, 640 F.3d 338, 352 (8th Cir. 2011))).

Poynor argues that the district court placed undue weight on his criminal history, in particular his convictions for offenses that occurred in 2004, 2005, and 2006, which did not receive criminal history points under the Guidelines because of their age. In 2004, Poynor purposely drove his truck into a four-wheeler, causing the four-wheeler to flip and knocking the driver to the ground. Poynor was armed with a pistol during the incident, in which the victim sustained injuries. In 2005, Poynor grabbed his pregnant girlfriend by the neck, choked her, and threatened to kill her. In 2006, Poynor slapped his girlfriend in the face while she was holding their baby. He then placed the baby in the crib, grabbed the girlfriend by the neck, and choked her, later stepping on her neck and chest and beating her with a wooden club. The district court was required to consider "the history and characteristics of the defendant," see 18 U.S.C. § 3553(a)(1), and permitted to "consider prior convictions that received no criminal history points," see Johnson, 916 F.3d at 703. These unscored convictions—along with a 2012 conviction that resulted from Poynor's physically harming and threatening to kill another pregnant girlfriend—reveal Poynor's pattern of brutal physical violence, terrifying threats, and possession of weapons.

We conclude that the district court did not abuse its discretion in imposing a sentence well above the advisory Guidelines range, despite Poynor's contention that the sentence is too harsh because he has been incarcerated since October 28, 2017, did not physically injure anyone, and presented witnesses who testified regarding the good character and positive personal qualities that he manifests during his methamphetamine-free interludes. See United States v. King, 898 F.3d 797, 810 (8th

-4-

Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotations and citation omitted)).

The judgment is affirmed.

_____