# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2086
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas G. Dennis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: February 14, 2022
Filed: May 31, 2022
_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.
_____

LOKEN, Circuit Judge.

In December 2016, after serving a prison sentence for possession with intent to deliver a controlled substance, Thomas Dennis began his five-year term of supervised release. He completed nearly four years without incident. In October, 2020, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging Dennis had committed two supervised release violations -- being charged in state court with the class 3A felony of assault by

strangulation on September 17, and excessive use of alcohol. After a hearing, the district court modified his conditions of supervised release to include a provision barring contact with the victim of the alleged assault.

On December 18, the Probation Office filed an Amended Petition adding allegations that, on December 17, Dennis had assaulted and injured the same victim, violating the no-contact condition. A subsequent second Amended Petition noted the state court had dismissed the initial assault charge; Dennis had been charged with a second assault offense in January 2021; he entered a plea to a terroristic threats offense on that charge; and the state court sentenced him to 180 days' incarceration. On May 4, 2021, the Probation Office filed a "2nd Amended Violation Provisions and Recommendation," which concluded:

> [After the no-contact order was entered in November 2020,] Mr. Dennis . . . increased his violent behavior toward his girlfriend, which resulted in further [state] criminal charges . . . . Over the course of four months Mr. Dennis incurred three new felony charges . . . all of a violent nature, and increasing in severity. Based on the Omaha Police Reports for each offense, the behavior of Mr. Dennis qualifies as a Grade A Violation . . . [under the] Guidelines Manual. However, . . . Douglas County Court ultimately convicted Mr. Dennis on charges that are classified as a Grade B Violation . . . . Therefore, the undersigned officer is making a recommendation based on the charges Mr. Dennis was convicted of . . . a Grade B violation, Guideline range 21-27 months. It is felt that a term of incarceration . . . provides for just punishment. **It is respectfully recommended the Court impose a sentence of 24 months imprisonment, with no term of supervision to follow.**

[Emphasis in original.] The advisory guidelines range if the state court conviction was a Grade A offense under federal law would be 51 to 63 months because Dennis is in Criminal History Category VI. See USSG § 7B1.4(a)(2). The statutory maximum revocation sentence is 60 months. 18 U.S.C. § 3583(e)(3).

At the revocation hearing, the government agreed with the Probation Office's recommendation. Dennis argued he should be returned to supervised release, noting his lengthy prior period of compliance, a recent evaluation that he is not drinking to excess, and the fact that both Dennis and the victim want no further relationship. He argued: "because the State punished him for the terroristic threat separately," he should be returned to supervision.

The district court,[1] after stating "I have considered all factors outlined under 18 U.S.C. Section 3553(a)," imposed a 24-month prison sentence with no supervised release to follow. The court specifically credited Dennis's lengthy period of compliance with his supervised release obligations -- "you spent a lot of time as a success story in the federal system." However, the court explained, Dennis has "some serious issues" that "worry me, and I'm taking a little risk by doing what I'm doing . . . [be]cause . . . if this lady got hurt or there was additional problems, that would be a big concern." Nonetheless, based on Dennis's prior compliance and statements that his relationship with the victim is over, "I've decided to go along with [the Probation Office's] recommendation."

Dennis appeals, arguing his revocation sentence is substantively unreasonable because it is nearly eight times longer than the state sentence underlying the supervised release violation. "We review the substantive reasonableness of a [revocation] sentence for an abuse of discretion and generally defer to the district court's judgment." United States v. Steele, 899 F.3d 635, 638 (8th Cir. 2018). We apply "the same reasonableness standard that applies to initial sentencing proceedings." United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (quotation omitted).

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

In revoking a term of supervised release, the district court is required to consider all but two of the § 3553(a) factors. See § 3583(e). The incorporated factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need . . . to protect the public from further crimes of the defendant." §§ 3553(a)(1) and (a)(2)(C). Dennis's exclusive focus on the terroristic threats state court sentence is contrary to our revocation precedents. When imposing a revocation sentence, the individualized assessment required by § 3553(a) allows the district court to consider relevant conduct underlying alleged supervised release violations that were dismissed. See Steele, 899 F.3d at 639; United States v. McGhee, 869 F.3d 703, 706 (8th Cir. 2017).

Here, Dennis not only committed the terroristic threats offense, he committed it while revocation proceedings were pending based on an earlier assault of the same victim, and in violation of an explicit no-contact order. Moreover, the Probation Office recommendation noted that a full revocation hearing might establish facts set forth in the Omaha police reports that would make the second assault a Grade A violation. The district court recognized this reality when it explained, "I'm taking a little risk by . . . go[ing] along with this [Probation Office] recommendation," because Dennis's offense conduct threatened future public harm from renewed violent conduct.

Dennis claims the court abused its discretion in basing its sentence on the "minor conduct" that led to revocation, and by failing to account for his rehabilitation and success under supervised release. We disagree. Viewing the December 2020 terroristic threats offense alone, or as part of his total offense conduct, it was hardly "minor." The victim alleged that Dennis cut her left ring finger, struck her on the head with a hatchet knife that he held to her face and throat, and slammed her head on the ground. While Dennis disputed her account of the incident, it was undisputed the victim was hospitalized and substantial blood was found in her apartment. Even more ominously, this was his second assault of the same victim, committed with

revocation proceedings pending and in violation of a federal no-contact order. As we have noted, the district court expressly took into account Dennis's prior supervised release success. The court considered Dennis's arguments, weighed them against his offense conduct, and explained its reasons for imposing a within-range sentence. The court did not abuse its substantial revocation sentencing discretion.

The judgment of the district court is affirmed.

_____