# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2231
_____

United States of America

*Plaintiff - Appellee*

v.

Alan W. Berger

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 14, 2022
Filed: December 15, 2022
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

After Alan W. Berger admitted to several violations of his supervised release conditions, the district court[1] revoked supervised release and sentenced him to 18 months imprisonment followed by 10 years of supervised release. Berger appeals,

_____

[1]The Honorable P. K. Holmes, III, United States District Judge for the Western District of Arkansas.

arguing that the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2003, Berger pled guilty to using means of interstate commerce to persuade a minor to have sex, in violation of 18 U.S.C. § 2422(b), for which he was sentenced to 60 months imprisonment followed by 10 years of supervised release. His supervised release for this offense began in 2007. In 2014, while still on supervised release, Berger pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Berger's supervised release was revoked, and he was sentenced to 120 months imprisonment followed by 10 years of supervised release. In August 2021, Berger started his second term of supervised release. Within days of his release, Berger began communicating via text message with an undercover officer posing as the mother of two daughters, ages 6 and 11, and another undercover officer posing as the 11-year-old daughter. Berger expressed interest in traveling to have sex with the 11-year-old and eventually teaching the 6-year-old about sex. However, Berger never acted on these plans. Later, in March 2022 and again in April 2022, law enforcement searched Berger's home and vehicle, where they found two internet-capable cell phones and an internet-capable tablet, which violated his supervised release conditions. Officers also discovered in Berger's residence a rewards card for Choctaw Casino, which is located in Oklahoma. When questioned, Berger admitted to traveling outside the Western District of Arkansas to Oklahoma on multiple occasions, in violation of his supervised release conditions.

In April 2022, the United States Probation Office filed a petition to revoke Berger's supervised release, alleging multiple violations of his supervised release conditions: (1) unsupervised contact with a minor; (2) unauthorized access to a cell phone with internet access; (3) unauthorized access to a tablet computer with internet access and a second cell phone with internet access; and (4) leaving the judicial district without permission. At the revocation hearing, Berger admitted to all alleged violations except the first. Berger argued that his communications with the undercover officer did not constitute a violation of his supervised release conditions because he never actually contacted a minor. Therefore, his actions were, at best,

merely an attempted violation. The district court recognized the genuine question of law and ruled that the Government had failed to prove the first violation. After calculating the applicable Guidelines range of 5 to 11 months imprisonment and discussing the relevant sentencing factors under 18 U.S.C. §§ 3553(a) and 3583(e),[2] the court sentenced Berger to an above-Guidelines-range sentence of 18 months imprisonment followed by 10 years of supervised release. Berger now appeals this sentence, arguing that it is substantively unreasonable.

"This court reviews the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Dixon, 52 F.4th 731, 733 (8th Cir. 2022). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "[W]hen revoking the defendant's supervised release and imposing a new sentence, the district court must consider the relevant § 3553(a) factors incorporated into § 3583(e)." United States v. Clark, 998 F.3d 363, 368 (8th Cir. 2021). While sentences within the Guidelines range receive a presumption of reasonableness, there is no "presumption of unreasonableness" for sentences outside the Guidelines range. Feemster, 572 F.3d at 461. We will not disturb an above-Guidelines-range sentence so long as the district court made an "individualized assessment based on the facts presented" and

---

[2]When revoking a defendant's supervised release and imposing a new sentence, the district court considers only the 18 U.S.C. § 3553(a) factors incorporated into 18 U.S.C. § 3583(e). Specifically, the district court may consider only § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) in its determination of revocation. 18 U.S.C. § 3583(e). Thus, the district court may not consider § 3553(a)(2)(A) ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") or § 3553(a)(3) ("the kinds of sentences available"). Berger does not allege that the district court committed a procedural error by considering factors barred by § 3583(e), nor does the record before us indicate any such error.

provided "sufficient justification" for the upward variance with reference to the § 3553(a) factors. United States v. Mangum, 625 F.3d 466, 470 (8th Cir. 2010) (citation omitted). "[W]e 'may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" Feemster, 572 F.3d at 461-62 (citation omitted).

Berger first contends that the district court placed unfair weight on his communications with the undercover officers, which the district court ruled did *not* constitute a violation of his supervised release conditions. The district court found that though these actions technically did not violate Berger's supervised release conditions, the "egregiousness of this behavior" counseled in favor of an above-Guidelines-range sentence. This conclusion was well within the district court's discretion. "When imposing a revocation sentence, the individualized assessment required by § 3553(a) allows the district court to consider relevant conduct underlying alleged supervised release violations that were dismissed." United States v. Dennis, 35 F.4th 1116, 1118 (8th Cir. 2022). Defense counsel even acknowledged the "aggravating material" presented by the Government at the revocation hearing, including Berger's communications with the undercover officers, and recognized, "[T]he Court will consider that probably in deciding [the] sentence, although I'd rather the Court not . . . ." Because the district court properly considered this material in formulating Berger's sentence, we find no abuse of discretion.

Berger also asserts that the district court failed to consider mitigating factors, namely that he was attending sex-offender counseling, does not have a substance abuse problem, and did not keep child pornography on the seized devices. Even assuming that these are mitigating factors worthy of consideration, the district court did not abuse its discretion. In imposing Berger's sentence, the district court indicated that it weighed the relevant § 3553(a) factors but "put[] a lot of emphasis" on two factors in particular: the "nature and circumstances of the offense" and the need "to protect the public from further crimes." The district court also emphasized Berger's recidivism and his concealment of some of his electronic devices during searches. While the district court did not explicitly discuss the aforementioned

mitigating factors in announcing the sentence, we may presume that the court considered those factors in crafting the sentence because it heard—and was actively engaged in—argument from defense counsel on those factors. See United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) ("[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors."). Moreover, the sentencing court "need not specifically respond to every argument made by the defendant or mechanically recite each § 3553(a) factor." United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2017) (citation omitted). All told, the district court "adequately explained its chosen sentence" by reference to the § 3553(a) factors. Feemster, 572 F.3d at 463. The sentencing court has "wide latitude" to weigh these factors, and "a defendant's disagreement with the district court's balancing of relevant considerations" is insufficient grounds for reversal. United States v. Campbell, 986 F.3d 782, 800 (8th Cir. 2021), cert. denied, 142 S. Ct. 751 (2022) (citation omitted). We therefore find no abuse of discretion.

For the foregoing reasons, we affirm the judgment of the district court.

_____