# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-3630
_____

United States of America

*Plaintiff - Appellee*

v.

Chris Calvin Bald Eagle

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: May 8, 2023
Filed: May 24, 2023
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

In 2017, Christopher Calvin Bald Eagle pled guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court sentenced him to 33 months in prison and five years of supervised release. He violated his first term of supervised release in April 2019. The district court sentenced him to time served and five years of supervised release. He violated his second term of

supervised release in November and December 2019. The district court sentenced him to 15 months in prison and three years of supervised release. He violated his third term of supervised release in 2022. The district court[1] sentenced him at the top of the guidelines to 14 months in prison and two years of supervised release. He appeals this sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Bald Eagle argues that his sentence is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017). For revocation sentences, this court applies "the same reasonableness standard that applies to initial sentencing proceedings." *United States v. Dennis*, 35 F.4th 1116, 1118 (8th Cir. 2022). An abuse of discretion occurs when the court "fails to consider a relevant factor that should have received significant weight," "gives significant weight to an improper or irrelevant factor," or makes a "clear error of judgment" in weighing appropriate factors. *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Bald Eagle claims the district court did not properly weigh his mitigating circumstances, specifically his age (68), his struggles with chronic homelessness, his difficulty managing his physical and mental health, and his limited financial means. At sentencing, the court listened to Bald Eagle's request for a lower sentence because of his age and health conditions. The court specifically addressed his chronic homelessness:

> You've also, in the past, indicated that you had a place where you were going to be able to live, and then that didn't end up working out. So I

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

really hope that you have a place to go. But what I'm going to do after your time in custody is have you go to a residential reentry center for three months so that you can get established and have a place that's yours and get resettled so that we can hopefully transition you back so that we don't run into these same problems again.

And, as he acknowledges, his mental health struggles were "well known" to the court because of earlier questions about his competency.

But the district court also considered his repeated and extensive noncompliance history, emphasizing his "multiple convictions for failure to update your registration" and "multiple times when you didn't comply with the conditions of your supervised release." The district court contrasted his noncompliance history with his promises to comply:

> So I'm glad to hear you say that you are going to make sure you keep your registration updated and that you're going to keep in touch with your probation officer, because that's what you need to do. But based on your past history, I'm kind of leery about whether that will actually happen.

Concluding, the district court stated that it had considered the § 3553 and § 3583 factors. Although Bald Eagle disagrees with the weight assigned to his mitigating circumstances, this does not justify reversal. *See United States v. Moua*, 895 F.3d 556, 560 (8th Cir. 2018) (describing district court's "wide latitude" to "assign some factors greater weight than others"). The district court did not abuse its discretion.

* * * * * * *

The judgment is affirmed.

_____

-3-