# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3492
_____

United States of America

*Plaintiff - Appellee*

v.

Lonnel Porter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: June 10, 2024
Filed: June 28, 2024
[Unpublished]
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In the summer of 2022, Lonnel Porter was on supervised release related to convictions for being a felon in possession of a firearm and escape. Porter appeals

after the district court[1] revoked his supervised release and sentenced him to 27 months' imprisonment. We affirm.

Evidence of a supervised release violation must be proven by a preponderance of the evidence. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). Porter challenges the district court's determination that he committed a new law violation of assault on a police officer causing bodily injury in violation of Iowa Code § 708.3A(3). We review the district court's decision to revoke supervision for abuse of discretion and the underlying factual findings for clear error. Id.

Porter argues the district court erred in finding the specific intent required to establish assault under Iowa law. See Iowa Code § 708.1(2) (defining assault); State v. Fountain, 786 N.W.2d 260, 262 (Iowa 2010). Section 708.1(2)(a) defines the intent required as: "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another." At the hearing, Officer Carson Lutterman testified about the events of July 28, 2022, recounting that when he responded to a domestic disturbance call Porter became loud, argumentative, and resisted arrest. Relying on this testimony, the district court found that Porter had committed an assault and engaged in acts that satisfied the requisite intent as set forth in Iowa Code § 708.1(2). We find no clear error in the court's factual findings. Nor did the district court abuse its discretion when it decided to revoke Porter's supervised release.

Porter also asserts that his sentence is substantively unreasonable. We review his claim under a deferential abuse-of-discretion standard, see United States v. Steele, 899 F.3d 635, 638 (8th Cir. 2018), applying "the same reasonableness standard that applies to initial sentencing proceedings." United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (quotation omitted).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Here, the district court considered the factors set forth in 18 U.S.C. § 3553(a), specifically considering Porter's mental health issues, criminal history, and the nature of the underlying violations. The district court imposed a sentence within the advisory Guidelines range, which is presumptively reasonable. See United States v. Haynes, 62 F.4th 454, 460 (8th Cir. 2023). While Porter argues that too much weight was given to the disputed new law violation, the district court has discretion to give certain sentencing factors more weight than others. See United States v. Townsend, 617 F.3d 991, 994 (8th Cir. 2010). The district court neither abused its discretion when it sentenced Porter to a within-Guidelines sentence, nor did it impose a substantively unreasonable revocation sentence.

We affirm the district court's judgment.

_____