# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2019

_____

United States of America

*Plaintiff - Appellee*

v.

Johnny Albert Roberts Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 17, 2022
Filed: December 22, 2022

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

LOKEN, Circuit Judge.

Johnny Albert Roberts Harris appeals the supervised release revocation sentence the district court[1] imposed when it found, after a hearing, that he had committed three Grade C violations -- a new law violation, failure to comply with a

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

search condition, and marijuana use. The Grade C violations, together with his Category II criminal history, resulted in an advisory guidelines revocation range of 4-10 months' imprisonment. See USSG § 7B1.4(a). The district court sentenced Harris to eight months' imprisonment followed by twenty-one months of supervised release. On appeal, Harris argues the sentence is substantively unreasonable because ordering imprisonment, rather than extending his mandatory residential reentry placement, is "simply unreasonable." Reviewing the substantive reasonableness of a revocation sentence for abuse of discretion, we affirm. See United States v. Dennis, 35 F.4th 1116, 1118 (8th Cir. 2022) (standard of review).

At the time the district court imposed this sentence, Harris had repeatedly violated his conditions of supervised release. After serving a 15-month sentence for conspiracy to distribute a controlled substance, Harris commenced supervised release in May 2021. In July, the court ordered location monitoring following drug use. In August, the court required Harris to stay at a residential reentry center for up to ninety days following his failure to abide by substance abuse testing, failure to appear as instructed, and failure to provide change of residence information. When Harris then failed to abide by residential reentry center rules, the court revoked supervised release in October and sentenced him to five months' imprisonment.

After supervised release recommenced in February 2022, Harris provided urine samples that tested positive for marijuana use on March 4, March 11, March 15, April 1, and April 4, 2022. At a hearing on April 1, Harris had tested positive that morning, but he denied continued use and the test results were not yet confirmed. The district court ordered placement in a residential reentry center rather than revocation. When he tested positive again on April 4, the probation office petitioned to revoke, alleging a new law violation (driving without a license), drug use, and failure to comply with a search condition. Harris admitted the new law violation but contested the other two. At the revocation hearing, the government submitted national laboratory drug test reports confirming positive urine samples and a letter from the laboratory's Director

of Toxicology opining that, although the March 15, April 1, and April 4 tests showed decreasing THC levels, Harris engaged in new or continued drug use between March 15 and April 4. The district court found by a preponderance of the evidence that Harris committed all three alleged violations.

On appeal, Harris argues that, because he tested positive on April 1, it was a "near certainty" that he would test positive again on April 4. Therefore, for the district court to order eight months imprisonment on May 4 after ordering residential reentry on April 1 is "simply unreasonable." Essentially, Harris contends that the district court's prior leniency made its later harsher sentence unreasonable. We conclude the argument is without merit. We have repeatedly upheld revocation sentences that *varied upward* from the advisory guidelines range because the defendant was a "recidivist violator of supervised release conditions." United States v. Kocher, 932 F.3d 661, 664 (8th Cir. 2019). Here, the district court imposed a *within-range* sentence of eight months, a sentence that "is accorded a presumption of substantive reasonableness." United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). In imposing this sentence, the court explained that Harris's continuing marijuana use and supervised release non-compliance required an "increased consequence." It also noted that on April 4, three days after the court had ordered residential reentry but before a bed was available, Harris refused instructions to provide his cell phone's password after a cursory consensual search suggested drug trafficking. On this record, the court did not abuse its substantial revocation sentencing discretion.

The judgment of the district court is affirmed.

_____