# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3411
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Williams, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: May 8, 2023
Filed: June 12, 2023
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

In 2019, Ronald Eugene Williams, Jr. pled guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. The district court sentenced him to 33 months in prison. In 2020, Williams escaped from prison. In 2021, he pled guilty to escape in violation of 18 U.S.C. § 751(a). The district court sentenced him to time served and three years of supervised release. He violated the

conditions of release. Revoking his release, the district court varied downward, sentencing him to time served and 18 months of supervised release. He again violated the conditions of release. The district court sentenced him to 24 months in prison and 10 months of supervised release. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part and vacates and remands in part.

## I.

Williams challenges his sentence, 10 months above the top of the guidelines range, as substantively unreasonable. He claims the district court did not adequately weigh his mitigating circumstances, including his difficult upbringing, the lack of a stable home environment, and his institutionalizations. This court reviews for abuse of discretion. *United States v. Harris*, 55 F.4th 1162, 1163 (8th Cir. 2022).

"A sentencing court has wide latitude to weigh the relevant factors and to assign some greater weight than others in determining an appropriate sentence." *United States v. Corn*, 47 F.4th 892, 898 (8th Cir. 2022). The district court acknowledged Williams' mitigating factors:

> I sympathize with your situation. I know you didn't bargain for that when you were born and you have—from your attorney's representation, had a very tough upbringing and a very tough life. But you are in a situation and in a society now with drugs that will kill you. So you need to get over that and off of that. And hopefully this will set you into that trajectory.

Williams' claim is simply a disagreement with the weight the district court afforded his mitigating circumstances. But he "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *United States v. Green*, 946 F.3d 433, 442 (8th Cir. 2019). The district court did not abuse its discretion.

## II.

Williams argues, and the government agrees, that his ten-month term of supervised release exceeds that allowable under 18 U.S.C. § 3583(h). When sentenced for escape, Williams received the maximum amount of supervised release allowable (three years). *See* 18 U.S.C. § 3583(b)(2) (authorizing "not more than three years" for a Class C or D felony). When a defendant's supervised release is revoked and a term of imprisonment imposed, the district court may impose an additional term of supervised release. *See* 18 U.S.C. § 3583(h). But the length of that term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id*. The phrase "any term of imprisonment" includes the prison term in the current revocation sentence and all prison time served under any prior revocation sentences for the same underlying offense. *See United States v. Zoran*, 682 F.3d 1060, 1063-64 (8th Cir. 2012).

Williams' first supervised release revocation resulted in a term of imprisonment of time served (65 days). Combining that with his current sentence of 24 months, his total term of imprisonment on the two revocations was 26 months and five days. The ten-month term of supervised release exceeded that allowable under 18 U.S.C. § 3583(h) by five days. This court vacates the ten-month term of supervised release and remands to the district court to amend the supervised release portion of the sentence.

\* \* \* \* \* \* \*

The judgment is affirmed in part and vacated and remanded in part.

_____