United States Court of Appeals

For the Eighth Circuit
_____

No. 23-1614
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Ingram

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: September 19, 2023
Filed: October 6, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, ARNOLD and ERICKSON, Circuit Judges.
_____

PER CURIAM.

After Michael Ingram completed his prison term for conspiring to distribute and possess with intent to distribute fifty grams or more of cocaine base following a conviction for a felony drug offense, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851,

he twice had his supervised release revoked. When the district court[1] revoked his supervision a third time, it sentenced him to thirteen months' imprisonment. Ingram maintains that this sentence is substantively unreasonable. We affirm.

Ingram had struggled with supervision out of the gate. After being released from prison on a Friday, he failed to report to a residential reentry center that evening as instructed and waited to report the following Monday, explaining that he had instead "hung out" with family and friends over the weekend. So the court ordered him to spend fourteen days in jail. A few months later, after Ingram received fifteen disciplinary reports at the residential reentry center, his placement there was terminated. The court then revoked his supervision and sentenced him to sixty days in prison and eight years of supervised release.

Ingram found himself in trouble again a year later after he missed several drug tests. He offered several reasons for the missed tests, including that he had forgotten, had been sick, and had left his phone in a friend's car. He also told his probation officer that he had consumed an edible marijuana product but did not realize what it was when he consumed it. The court revoked Ingram's release again and sentenced him to six months in prison and four years of supervised release. Ingram missed more drug tests the following year, which he chalked up to having "a lot on his plate" and forgetfulness. He also failed to advise his probation officer of an address change and tested positive for marijuana. He said that he didn't consume marijuana to his knowledge, but he did permit a co-worker, whom he knew to be a marijuana user, to move things into Ingram's residence. The court ordered Ingram to complete twenty hours of community service.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

A month or two later Ingram tested positive for marijuana. He surmised that "he used a 'vape' that was not supposed to contain THC but may have." He also failed to report for drug testing. At a hearing on the allegations, the district court rejected Ingram's excuses for testing positive for marijuana and missing drug tests, pointing out that he had made bogus excuses "throughout his time on supervision" and was "a walking excuse machine" who "might be one of the unluckiest people on the planet if he repeatedly is consuming controlled substances without his knowledge." And since Ingram was 54 years old and had a poor record of supervision, the court did not believe he would change but would instead, when confronted, lie or make excuses for his conduct. So the court sentenced Ingram to thirteen months' imprisonment, just slightly more than the four-to-ten months recommended under the Sentencing Guidelines, with no supervision to follow.

Ingram maintains on appeal that this sentence was substantively unreasonable, offering many of the same excuses that the district court rejected. He also says that the district court didn't adequately consider certain mitigating circumstances, such as his employment history. We review a challenge to the substantive reasonableness of the court's revocation sentence for an abuse of discretion. *See United States v. Harris*, 55 F.4th 1162, 1163 (8th Cir. 2022).

We detect no abuse of discretion here. The district court properly considered the relevant sentencing criteria and determined that a sentence within the Guidelines range was insufficient given Ingram's repeated violations, his failure to take responsibility for his actions, and his unwillingness to follow the rules of supervision. "We have repeatedly upheld revocation sentences that varied upward from the advisory guidelines range because the defendant was a recidivist violator of supervised release conditions." *See id.* at 1164. The district court, moreover, expressly noted that Ingram's "good employment" was "certainly a positive," but it found other circumstances weightier when fixing the sentence. It was well within the

district court's wide discretion to do so. *See United States v. Carnes*, 22 F.4th 743, 751 (8th Cir. 2022).

Affirmed.

_____