# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3666
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Michael Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 19, 2023
Filed: October 11, 2023

_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2013, Nicholas Michael Jackson, a native and resident of Iowa, was convicted in the United States District Court for the District of Columbia of possessing child pornography. He was sentenced to 120 months imprisonment and 240 months supervised release. He began supervised release in November 2020; supervision was transferred to the Southern District of Iowa. In January 2022, the

district court revoked supervised release after Jackson admitted to viewing pornography on computers at public libraries in Des Moines, which violated conditions of his supervised release and Iowa Sex Offender Registry requirements. The court imposed a revocation sentence of 14 months imprisonment followed by 19 years supervised release.

Jackson served his revocation sentence and resumed supervised release on November 18, 2022. Four days later, the United States Probation Office petitioned to revoke supervised release based on three new Grade C violations: (1) possession of an internet-capable device, (2) failure to follow directives, and (3) viewing pornography. Jackson stipulated to committing the Grade C violations. The district court[1] revoked supervised release and imposed a revocation sentence of 24 months imprisonment followed by 19 years supervised release. Jackson appeals, arguing the revocation sentence is substantively unreasonable. Finding no abuse of the district court's substantial revocation sentencing discretion, we affirm. See United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021) (standard of review).

The Grade C violations at issue arose from Jackson's purchase of a smartphone the day he was released from custody after serving the first revocation sentence. Probation learned of Jackson's phone two days later and directed him to bring in the phone. He failed to do so. The phone was then seized from Jackson's parents' home. "A cursory examination was conducted on the phone which revealed an extensive browsing history of pornography," the titles of which indicated child pornography. The Grade C violations, together with Jackson's Category III criminal history, resulted in an advisory guidelines revocation range of 5 to 11 months imprisonment. See USSG §§ 7B1.1-4.

---

[1]The Honorable Stephanie M. Rose, Chief Judge of the United States District Court for the Southern District of Iowa.

At the revocation hearing, the district court began by reviewing Jackson's conduct on supervised release since serving his federal sentence -- five modifications in the first ten months that included viewing pornography on residential reentry center computers; being kicked out of the reentry center for threatening staff and attempting to hang himself; watching pay-per-view pornography up to half of each day while on home detention at his parents' home; and searching for pornography on public library computers, which resulted in the first 14-month revocation sentence.

The government asked the district court to impose a revocation sentence of 11 months imprisonment and 19 years supervised release "primarily to protect the community at this point. We have a defendant who has repeated serious violations of supervised release." Defense counsel stated that Jackson still has the problem noted at the first revocation hearing -- he is an "addicted" sex offender and needs treatment. Rather than being treated during his prior 14 months of imprisonment, counsel argued, he was "warehoused" at two Bureau of Prisons (BOP) facilities that lack sex-offender treatment programming. Counsel questioned how the problem would be addressed "if he's sent back . . . for 11 months." Counsel urged the court to "[p]ut him under the protocol that he would have been under had he not violated the term [of supervised release] on his way back from Pittsburgh to Des Moines." Jackson in allocution then acknowledged that he needs treatment and asked the court not to send him back to prison because, as a sex offender, he fears for his safety in prison and treatment in prison "doesn't work."

The district court stated that it "considered all of the factors under 3553(a) and the advisory guidelines and the statutory penalties." Jackson "comes before this Court as a very, very high-risk offender," the court explained. In 2002, he was convicted in Iowa state court of "sexually abusing at least three children over a 14-year period of time, so he is a hands-on offender of long standing." Jackson served two terms for violating conditions of his probation for that offense by viewing pornography and contacting minors. He was then arrested for failing to comply with

the Iowa Sex Offender Registry regulations four months after release from custody before his 2013 federal prosecution for possessing child pornography. After serving his 14-month revocation sentence, Jackson "literally within hours of being released from prison is looking at child pornography or searching for child pornography" while "on the bus to come back to our district for supervision. . . . He clearly is either unwilling or unable to reform his behavior in such a way that the community is safe." The court then addressed Jackson's treatment concern:

> I want him to get treatment. He needs treatment. But I did not last time function his revocation sentence and I do not this time calculate his revocation sentence based on that need for treatment. . . . [W]hat I'm doing in revoking him is protecting the community. That's my goal.

Varying upward, the court sentenced Jackson to 24 months imprisonment, the statutory maximum revocation sentence, see 18 U.S.C. § 3583(e)(3), followed again by 19 years supervised release. Defense counsel did not agree with the sentence but acknowledged that a two-year sentence "allows a window of opportunity for the treatment protocol" and urged the district court to designate a BOP facility that has sex-offender treatment programming. The court agreed to do so.

On appeal, Jackson argues that 24 months imprisonment is substantively unreasonable because the district court "did not give the inaccessibility of [sex-offender] treatment to the incarcerated sufficient weight." We disagree. The district court expressly acknowledged Jackson's need for sex-offender treatment and agreed to recommend that Jackson be confined in a BOP facility that has treatment programming. The court considered the relevant 18 U.S.C. § 3553(a) sentencing factors and carefully explained its decision to give greater weight to protecting the community from a high-risk offender with a long criminal history that included hands-on sexual abuse of young children, than to the possibility that the needed treatment would be less available or less effective in prison. "Section 3553 does not

require a court to impose a sentence that provides a defendant with needed treatment in the most effective manner." United States v. Waldman, 807 F. App'x 77, 79 (2d Cir. 2020); see 18 U.S.C. § 3553(a)(2)(D).

"We have frequently upheld revocation sentences that varied upward from the advisory guidelines range because defendant was a recidivist violator of supervised release conditions." United States v. Kocher, 932 F.3d 661, 664 (8th Cir. 2019) (quotation omitted). Indeed, in United States v. Bonish, a case factually very similar to this case, we concluded that Chief Judge Rose did not abuse her discretion by imposing a 24-month revocation sentence on a sex offender with multiple prior supervised release violations. No. 22-1577, 2022 WL 16844765, at *1 (8th Cir. Nov. 10, 2022) (unpublished per curiam). "On this record of repeated supervised release violations," we concluded, "the district court's careful consideration of the § 3553(a) factors was more than sufficient." Id. We reach the same conclusion here.

The judgment of the district court is affirmed.

_____