# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3010
_____

United States of America

*Plaintiff - Appellee*

v.

Kylee Jade Starr, also known as Kylee Jade Knight

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: April 8, 2024
Filed: August 2, 2024
_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

In October 2022, Kylee Starr pleaded guilty to three controlled substance offenses. While awaiting sentencing, she was released into a sober living home that provided mental health treatment and employment and addiction support services. In March 2023, the district court sentenced Starr to time served -- approximately seven months -- and 48 months supervised release. Though subject to a mandatory

minimum five year sentence, the district court[1] found that Starr qualified for safety-valve relief, see 18 U.S.C. § 3553(f), and granted the government's motion for a substantial assistance downward departure, see 18 U.S.C. § 3553(e); USSG § 5K1.1.

On supervised release, Starr remained at a sober living home for nearly a year but relapsed on fentanyl in June 2023 and was "unsuccessfully terminated" from the placement. Starr's Probation Officer filed a petition to revoke her supervised release. Starr admitted committing Grade C violations. The district court revoked supervised release and, varying upward, imposed a revocation sentence of 24 months imprisonment to be followed by three years of supervised release. Starr appeals the prison term as substantively unreasonable. Reviewing the substantive reasonableness of the court's revocation sentence "under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings," we affirm. United States v. Barber, 4 F.4th 689, 691 (8th Cir. 2021).

## I.

The sentencing record makes clear that Starr and her family have a long history of substance abuse. The fentanyl relapse at issue was not the first since her initial indictment for four drug offenses in December 2021: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Count 1); Possession with Intent to Distribute Methamphetamine (Count 2); Possession with Intent to Distribute Fentanyl and Fentanyl-Related Substances (Count 3); and Possession with Intent to Distribute Ecstasy (Count 4).[2] In February 2022, Starr was released from pretrial custody to a recovery center for inpatient substance abuse treatment. She completed

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

[2]A Superseding Indictment was later filed, which added a forfeiture allegation that is not at issue.

that sixty-day program and was discharged to a sober living home. A few months later, she relapsed on fentanyl and was detained on a pretrial revocation warrant. Given a second chance at supervised release at the sober living home in July 2022, Starr was terminated from that placement for behavioral issues and detained on a pretrial revocation warrant until her guilty plea and sentencing.

At the revocation hearing in August 2023, the district court determined without objection that Starr's Grade C violations -- a mandatory condition prohibited unlawful use of a controlled substance and a special condition required successful residence at a sober living facility for 12 months -- combined with Starr's Category I criminal history resulted in an advisory guidelines revocation sentencing range of 3 to 9 months imprisonment. See USSG § 7B1.4(a). The government requested a 9-month sentence followed by three years of supervised release, noting that Starr's violations were "significant and serious," as she had been using fentanyl inside and outside of the sober living residence, exposing other sober residents, their children, and even her younger siblings to her drug use. "[I]t's fairly clear here [Starr] needs some time. She needs some time to sober up. She needs some time to get her head together. To be safe and not to risk the health and safety of other people as well."

Defense counsel urged a 3-month sentence at the low end of the guidelines range. Counsel emphasized Starr's success at the sober living residence in the past year, stating that counselors at the residence believed that "a significant period of incarceration" would undermine Starr's continued recovery by "creat[ing] a distance between the progress that she's made and her eventual reentry into the community."

Before imposing the sentence, the district court explained: "Ms. Starr has shown . . . over and over again that she's not willing to abide by court-ordered conditions of community release or follow the rules of various sober living homes." The district court acknowledged the advisory sentencing guidelines range and the recommendations of both parties, but determined that even a 9-month sentence "is not

sufficient to address the serious problems that [Starr] has repeatedly shown in various actions throughout her addiction." Starr's "actions have put not only herself but other women and children in danger of fentanyl exposure," showing "a complete disregard for the wellbeing of others." After considering Chapter 7 of the Sentencing Guidelines and the sentencing factors under 18 U.S.C. § 3553(a), the court sentenced Starr to an above-guidelines sentence of 24 months incarceration to be followed by a three-year term of supervised release. Noting the continuing impact of her family's addiction problems, the court ordered as a special condition of supervised release that Starr "have no contact with her parents or other family members unless they are preapproved by the supervising probation officer."

On appeal, Starr argues the 24-month term of imprisonment is substantively unreasonable. Our deferential review of sentencing terms presents a formidable obstacle. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant 18 U.S.C. § 3553(a) factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (quotation omitted). But a district court is afforded "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Barber, 4 F.4th at 692 (quotation omitted). It is only "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted); see generally United States v. Cain, 976 F.3d 778, 780 (8th Cir. 2020) (upholding revocation sentence of 48 months imprisonment when advisory guidelines range was 5 to 11 months).

Starr argues the district court erred in weighing the relevant sentencing factors because the court: (1) overemphasized her relapse while not according sufficient

weight to her year of sobriety and the family circumstances which induced her relapse; (2) gave too little weight to the advice of the sober home counselor to minimize Starr's incarceration; and (3) incorrectly concluded that Starr did not take the residential treatment opportunities made available to her seriously without properly focusing on her one year of successful supervised release following conviction.[3]

We conclude the district court did not abuse its substantial sentencing discretion by imposing an above-range revocation sentence. The court expressly stated that it "considered the Sentencing Guidelines under Chapter 7, [and] the sentencing factors under 18 U.S.C. [§] 3553(a)." It explained that it was imposing an upward variance based on Starr's continued inability to adhere to the terms of her supervised release, and the danger in which she had placed minors -- including her minor relatives -- and other residents of the sober living home through her fentanyl use. See 18 U.S.C. § 3553(a)(2)(C) (A court "shall consider . . . the need for the sentence imposed . . . to protect the public from further crimes of the defendant."); United States v. Harris, 55 F.4th 1162, 1164 (8th Cir. 2022) ("We have repeatedly upheld revocation sentences that varied upward from the advisory guidelines range because the defendant was a recidivist violator of supervised release conditions.") (quotation and emphasis omitted). The court considered the advisory guidelines sentencing range, noting that Starr received a downward departure to a sentence of time served at her original sentencing. It concluded that 3 to 9 months imprisonment was "not sufficient to address [Starr's] serious problems." When the original sentence was the result of a downward departure, an upward departure may be

_____

[3]This contention ignores Starr's two prior revocations that occurred in June and August of 2022, only a year before the supervised release violations at issue. The district court properly took these pretrial release revocations into account. Cf. United States v. Espinoza, 831 F.3d 1096, 1098 (8th Cir. 2016) (upholding above-guidelines sentence that relied in part on defendant's conduct in violating pretrial release).

warranted.  See USSG § 7B1.4, cmt. n.4; United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015).

At the revocation hearing, the district court heard argument from counsel citing Starr's nearly one-year period of sobriety, her success at her sober living placement, and her family history of substance abuse, as well as the sober home counselor's advice, the mitigating factors Starr argues on appeal.  See United States v. Habib, No. 23-1594, 2023 WL 8924307, at *2 (8th Cir. Dec. 27, 2023) (district court did not fail to consider mitigating factors that were discussed at the revocation hearing) (citation omitted).  Having presided over Starr's original sentencing, the court was "aware of [Starr's] history and characteristics."  United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005).  The court did not abuse its discretion by not sentencing Starr in accordance with the care provider's recommendation.  It noted Starr's need for substance abuse treatment and said it would "recommend that she participate in drug and alcohol treatment."  See United States v. Jackson, 83 F.4th 1090, 1092 (8th Cir. 2023) (court not required to impose a sentence that provides treatment "in the most effective manner") (quotation omitted).  The sentencing record makes clear the court did not fail to consider the mitigating factors Starr raises.  It simply afforded them less weight than Starr would have preferred, which does not warrant reversal.  See, e.g., United States v. Long, 906 F.3d 720, 728 (8th Cir. 2018), cert. denied, 140 S. Ct. 464 (2019).

The judgment of the district court is affirmed.

_____