# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3304
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan Rashad Hope

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: May 12, 2025
Filed: June 13, 2025
[Published]
_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

The district court[1] revoked Jonathan Rashad Hope's second term of supervised release and sentenced him to 18 months in custody, with no supervision to follow. Hope appeals.

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

## I.

After Hope pleaded guilty to a firearm offense in violation of 18 U.S.C. § 922(g)(1), the district court imposed a 24-month sentence, followed by 3 years of supervised release. Hope's first term of supervised release was revoked after he violated several conditions, including committing another criminal offense, failing to report to and follow instructions from the probation office, and failing to remain in the district or receive permission to leave. The district court sentenced him to 9 months in custody, followed by 1 year of supervised release.

Hope's second term of supervised release began in February 2024, and within days, he failed to report to the probation office. Hope also left the judicial district without permission, and his whereabouts were unknown until he was arrested in Wisconsin in September 2024. Hope admitted both violations. The district court revoked Hope's term of supervised release and calculated an advisory Guidelines range of 6–12 months of imprisonment. See USSG § 7B1.4(a).

The government moved for an upward variance to 24 months, the maximum sentence permitted by statute. See 18 U.S.C. § 3583(e)(3). After considering various sentencing factors, the district court sentenced Hope to 18 months in custody with no term of supervised release to follow.

## II.

On appeal, Hope argues his sentence was substantively unreasonable. We review for abuse of discretion. See United States v. Jackson, 83 F.4th 1090, 1091 (8th Cir. 2023). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant [18 U.S.C. § 3553(a)] factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors."

United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (alteration in original) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

In explaining its sentencing decision, the district court began with the nature of the violations. The district court expressed concern that, since his release from prison, "[Hope] didn't do anything [he] w[as] supposed to" and "decided to ignore all of [the help offered to him]." The district court acknowledged that the violations were technical, not criminal, in nature. But it viewed them as "one of, if not the worst, ways" to commit technical violations of supervision, because Hope "basically just didn't comply at all."

Also "highly motivating" the district court's decision to vary upward was the fact that this was Hope's second revocation hearing. The district court noted that Hope's original 24-month sentence and subsequent 9-month revocation sentence were "not . . . enough to deter [him] from not following the rules." In the district court's view, Hope's repeated violations led it to believe that "additional deterrence [wa]s necessary to make sure [Hope] [did]n't commit further criminal acts and [to] protect the public."

We discern no abuse of discretion. The district court considered appropriate factors, including the nature of the violations, the need for deterrence, and the need to protect the public. See 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(B), 3553(a)(2)(C), 3583(e) (referencing § 3553(a)(1), (a)(2)(B)–(C) as appropriate factors). Hope argues the district court placed too much weight on these factors. He highlights the fact that he committed no new law violations while on his most recent term of supervision. But the district court considered this fact at the hearing and simply disagreed with Hope about how it impacted the sentencing decision. See United States v. Starr, 111 F.4th 877, 881 (8th Cir. 2024) (holding no reversible error where district court considered mitigating factors but "afforded them less weight than [the defendant] would have preferred"). Hope also contends the district court failed to consider his homelessness and lack of reliable transportation—life circumstances that made compliance with the conditions of supervision more difficult. Hope's

counsel made this argument at the hearing, but it did not sufficiently mitigate the district court's concerns about Hope's conduct here: travelling from Arkansas to Wisconsin without permission and remaining out of contact with the probation office until his arrest.

The district court was also entitled to consider repeated supervised release violations as a factor in varying upward. <u>See</u> <u>United States v. Clark</u>, 998 F.3d 363, 370 (8th Cir. 2021) (affirming above-Guidelines sentence based on defendant's "repeated violations of supervised release, his history and characteristics, and the need to protect the public"). And here, Hope's violations were similar in kind to violations from his first term of supervision.

We affirm.

_____