# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1462
_____

United States of America

*Plaintiff - Appellee*

v.

Jessica Marie Mack

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 13, 2025
Filed: July 1, 2025
[Unpublished]
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

In October 2019, Jessica Mack pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 48 months imprisonment, followed by three years of supervised release. In July 2023, prior to her release from Bureau of Prisons custody, Mack was placed at a residential

release center but was terminated from that program two months later for attempted assault on staff and returned to federal custody at a county jail. She was released and began her supervised release term on October 20, 2023.

One week later, Mack tested positive for cocaine, which she admitted using with her mother. She entered a sober living program but continued to test positive for cocaine. She transitioned to a residential drug treatment program but was discharged due to additional positive drug tests. She returned to the sober living program but relapsed and told her probation officer that she would no longer benefit from further treatment.

On January 2, 2024, Mack's probation officer submitted a Violation Report alleging violations of a mandatory condition of supervised release -- unlawful use of a controlled substance -- and a special condition -- participation in substance abuse counseling and approved drug testing. The Report listed positive urinalysis test results for cocaine on four dates between October 26 and December 6, 2023. On January 8, the district court[1] ordered Mack to appear on January 18 for a show cause supervised release revocation hearing. On January 12, the probation officer submitted a Supplemental Violation Report alleging a positive urinalysis test for cocaine and marijuana on December 26 and a January 2 violation of the mandatory condition that Mack not commit a new law violation because she was cited for assaulting a gas station attendant during an altercation over the temperature of a cup of coffee. The Report stated that during a home visit on January 11, Mack became so contentious when the probation officer attempted to discuss the assault arrest that the officer terminated the visit without obtaining a urinalysis sample.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

At the January 18 show cause hearing, Mack admitted the four Grade C supervised release violations stemming from her positive drug tests. The government agreed to proceed without presenting evidence on the alleged assault violation, which Mack disputed. As Mack is in Criminal History Category VI of the advisory sentencing guidelines, this resulted in a revocation guidelines range of 8 to 14 months imprisonment. See USSG § 7B1.4(a). The government requested a sentence of 12 months imprisonment followed by 12 months of supervised release. Mack requested that her supervised release continue with "regular group counseling in the evenings" and submitted letters from her employer and people now working with her stating that "she is making real improvement and doing well."

The court then heard arguments from both counsel and a lengthy statement by Mack explaining that she has turned her life around, has stopped using cocaine for the first time since she was ten years old, and was committed to her new job. The court revoked supervised release and imposed a sentence of 18 months imprisonment followed by 18 months of supervised release. Noting that Mack "has a history of being assaultive, rude, disrespectful, aggressive to law enforcement, to folks in the community," that she "can be very assaultive" when she "steals stuff," and that she "has a history of pairing up with her mom for drug use," the court explained:

> The Court has placed you in a position that you are to abide by the conditions of your supervision, and you scoffed at the Court's orders, the efforts that have been made, the expense that the federal government has been willing to invest in your treatment opportunities and to no avail and you continue to just keep breaking that trust.

In response to Mack's request for no period of supervised release following the term of imprisonment, the court explained:

> I do think she needs to be on a term of supervision if she is sincere about wanting to turn her direction and remain sober. I don't see the downside

of 18 months of supervision and that would also provide an incentive. She knows this Court is not going to tolerate any continued drug use or disrespectful, assaultive conduct.

On appeal, Mack argues that her sentence is substantively unreasonable because the court varied upwards based on her longstanding addiction and continued drug use, which should be treated differently from "objectively more troubling conduct like continuing to commit crimes." Her Grade C violations, the least serious category of supervised release violations, should not have warranted an upward variance. As Mack acknowledges, we review a supervised release revocation sentence under the same deferential "reasonableness" standard that applies to initial sentencing proceedings. United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted).

The district court did not abuse its substantial sentencing discretion in varying four months upward from the top of the advisory guidelines range. The court explained that it imposed an upward variance based on Mack's continued inability to abide by the conditions of her supervised release -- multiple failed drug tests and her refusal to meaningfully participate in drug treatment opportunities -- and her extensive and violent criminal history. "We have repeatedly upheld revocation sentences that varied upward from the advisory guidelines range because the defendant was a recidivist violator of supervised release conditions." United States v. Harris, 55 F.4th 1162, 1164 (8th Cir. 2022) (quotation omitted); accord United States v. Kocher, 932 F.3d 661, 664 (8th Cir. 2019). The court properly invoked the § 3553(a) sentencing factors, explaining that the sentence is meant to deter Mack's continued drug use and protect Mack and the public. Mack did not object that the court was impermissibly relying on a § 3553(a) factor that is excluded from

consideration in revoking a term of supervised release under § 3583(e), and the court's explanation did not establish plain error. See Esteras v. United States, 2025 WL 1716137, at *10 (U.S. June 20, 2025). Mack's disagreement with how the court weighed the § 3553(a) factors does not establish an abuse of its discretion. United States v. Jones, 71 F.4th 1083, 1087 (8th Cir. 2023).

That Mack committed only Grade C violations after the alleged new law violation was not pursued does not preclude an upward variance if it is otherwise warranted. See, e.g., United States v. Starr, 111 F.4th 877, 879-80 (8th Cir. 2024) (affirming 15-month upward variance based on continued fentanyl use and failure to complete residence at a sober living facility). Nor is this a case like United States v. Michael, where we remanded for resentencing because the district judge who presided over the revocation sentencing, but not the original sentencing, did not demonstrate sufficient familiarity with significant mitigating circumstances and failed to explain the imposition of a sentence seven years above the advisory guidelines range. 909 F.3d 990, 995 (8th Cir. 2018). Here, the district court sentenced Mack originally, was familiar with the circumstances leading up to her supervised release violations, considered the mitigating circumstances emphasized by Mack and her counsel, and adequately explained its reasons for varying upward.

The judgment of the district court is affirmed.

_____