# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3578
_____

United States of America

*Plaintiff - Appellee*

v.

Curtis Robert McGhee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: May 8, 2017
Filed: August 29, 2017
[Published]
_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.
_____

PER CURIAM.

Curtis Robert McGhee pleaded guilty to assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6), and was sentenced to 71 months of imprisonment and three years of supervised release. He began his first term of supervised release on January 30, 2013. On January 26, 2015, McGhee's probation officer filed a petition to revoke McGhee's supervised release, alleging that

he committed four violations of his release conditions: failing to reside and participate in a residential reentry center; engaging in conduct constituting simple assault in violation of tribal law; engaging in conduct constituting aggravated assault in violation of tribal law; and consuming alcoholic beverages. He admitted to the first and last of these, and the other two were dismissed. He was sentenced to nine months of imprisonment and eighteen months of supervised release.

McGhee's second term of supervised release began on February 24, 2016. On June 28, 2016, his probation officer filed a petition to revoke supervised release, alleging that McGhee failed to notify her ten days prior to changing his residence. McGhee admitted the violation. The district court[1] concluded the advisory Guidelines range for the violation was six to twelve months of prison, but sentenced McGhee to eighteen months of imprisonment and eighteen months of supervised release. McGhee appeals, arguing that the district court committed procedural error in imposing his sentence and that the sentence is substantively unreasonable.

"We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions." United States v. Miller, 557 F.3d 910, 915–16 (8th Cir. 2009). Under this standard, "we must first ensure that the court committed no significant procedural error, such as improperly calculating the sentence under the Guidelines, failing to consider relevant 18 U.S.C. § 3553(a) sentencing factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the reasons for the sentence imposed." Id. at 916. Where, as here, the defendant did not object to procedural sentencing errors before the district court, they "are forfeited, and therefore may be reviewed only for plain error." Id.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

McGhee argues that the district court committed procedural error because it failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) as required by 18 U.S.C. § 3583(e). McGhee acknowledges that during the sentencing hearing, the district court stated: "I am required to take into account not only the sentencing guidelines but the statutory factors set forth at 18 United States Code § 3553, and I am doing so." McGhee contends this citation was insufficient, however, because the district court did not "actually identify what any of these factors were or on which factors it relied upon for sentencing."

But "[a] district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004). Rather, "[a]ll that is required is evidence that the court has considered the relevant matters and that some reason be stated for its decision." Id. "If a sentencing judge references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court 'was aware of the entire contents of the relevant statute.'" Id. (quoting United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997)). Here, the record demonstrates that the district court was aware of its obligation to consider the § 3553(a) factors and that it actually did consider some of these factors, including the nature and circumstances of the offense, McGhee's history and characteristics, and the advisory Guidelines range. See id. Accordingly, the district court did not commit plain procedural sentencing error.

"Once we are satisfied that the sentencing decision is free of significant procedural error, we consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." Miller, 557 F.3d at 916. "A court abuses its discretion if it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear

error of judgment." Id. at 917 ( alterations and quotation marks omitted) (quoting United States v. Mousseau, 517 F.3d 1044, 1048 (8th Cir. 2008)).

McGhee first argues that his revocation sentence is substantively unreasonable because the district court improperly gave significant weight to the two dismissed alleged violations of his first term of supervised release when it stated: "[McGhee] . . . call[ed] U.S. Probation to report that he had been arrested in Lower Brule for assault and had been so intoxicated that he didn't know what happened." As a general matter, however, when imposing a revocation sentence, a district court may consider conduct underlying an arrest even where the related charges have been dismissed, subject only to the same procedural limitations that apply to other types of information the court may consider in imposing a sentence. United States v. White, 840 F.3d 550, 553 (8th Cir. 2016) (per curiam). McGhee gives no reason why the conduct underlying his dismissed alleged violations was improper or irrelevant for the district court to consider here. Accordingly, we conclude the district court did not give significant weight to an improper or irrelevant factor.

McGhee next argues the district court failed to consider factors that should have received significant weight—namely, the relatively minor nature of his violation and his "overall improvement" on supervised release. McGhee points out that during his second term of supervised release, there were no reports of him drinking, committing crimes, or causing problems in the community; he called his probation officer while on supervised release; and he had found employment. However, the court did discuss these considerations with McGhee's counsel at the revocation sentencing hearing, and referenced some of them directly when explaining its reasons for the revocation sentence it imposed. Accordingly, the district court did not fail to consider relevant factors that should have received significant weight. See United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007) (explaining that the district court did not fail to consider relevant factors where the record demonstrated it heard

argument from the parties on those factors, even though it did not provide a "lengthy explanation" addressing each one).

Because McGhee identifies no other error in the imposition of his revocation sentence, the judgment of the district court is affirmed.

_____