# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1751

_____

United States of America

*Plaintiff - Appellee*

v.

Teresa Witthar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 8, 2018
Filed: April 26, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Teresa Witthar violated multiple terms of her supervised release, the district court[1] revoked her release and sentenced her to twenty-four months'

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

imprisonment with no supervised release. She appeals the district court's upward variance, arguing (1) the court committed procedural error by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and (2) the sentence is substantively unreasonable. We affirm.

In February 2017, the U.S. Probation Office requested a show-cause hearing, alleging Witthar violated terms of her supervised release by failing to truthfully answer inquiries by a probation officer and associating with a previously convicted felon. In early March 2017, Witthar submitted a *pro se* motion seeking court approval to associate with and marry a convicted felon. The government promptly replied. On March 21, the day before the show-cause hearing and with the *pro se* motion pending, Witthar married a convicted felon.

At the show-cause hearing, the district court noted its consideration of the sentencing factors, "and in particular the nature and circumstances of the continued violations and the history and characteristics of this defendant." The court added, "[Witthar] is not amenable to supervision." The district court correctly calculated the guideline range of three to nine months' imprisonment. The court then decided to vary upwards and sentenced Witthar to twenty-four months' imprisonment with no supervised release, the statutory maximum.

Upon careful review of the record, we conclude the district court did not commit plain procedural error. See United States v. McGhee, 869 F.3d 703, 705 (8th Cir. 2017) (per curiam) ("Where . . . the defendant did not object to procedural sentencing errors before the district court, they are . . . reviewed only for plain error." (quotation marks omitted)). The record indicates the district court sufficiently considered the sentencing factors in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(e). See id. at 706 ("[A]ll that is required is evidence that the court has considered the relevant matters and that some reason be stated for its decision. If a sentencing judge references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the

-2-

relevant statute." (citation and quotation marks omitted) (quoting <u>United States v. White Face</u>, 383 F.3d 733, 740 (8th Cir. 2004))); <u>White Face</u>, 383 F.3d at 740 ("A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release.").

Additionally, as the district court considered the § 3553(a) factors and provided a sufficient explanation for the variance, we conclude the sentence is not an abuse of discretion and is substantively reasonable. See <u>United States v. Growden</u>, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) ("[W]e review the substantive reasonableness of [a revocation] sentence under a deferential abuse-of-discretion standard." (citing <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007))); <u>see also</u> <u>United States v. Thunder</u>, 553 F.3d 605, 609 (8th Cir. 2009) (holding a revocation sentence above the advisory guideline range was not an abuse of discretion); <u>United States v. Miner</u>, 544 F.3d 930, 932 (8th Cir. 2008) ("A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.").

Accordingly, we affirm the judgment of the district court.

_____