# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3345

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Manuel Simental-Lopez, also known as Manuel Encee, also known as Juan Manuel Encee

*Defendant - Appellant*

_____

No. 17-3347

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Manuel Simental-Lopez, also known as Manuel Encee, also known as Juan Manuel Encee

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 31, 2018
Filed: June 25, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Juan Manuel Simental-Lopez challenges the Guidelines-range sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, and possessing with intent to distribute methamphetamine; and he challenges the consecutive below-Guidelines sentence the district court imposed upon revoking his supervised release. Simental-Lopez's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentences are substantively unreasonable.

After careful review, we conclude that the district court did not impose a substantively unreasonable sentence for either the new convictions or the revocation. See United States v. McGhee, 869 F.3d 703, 705-06 (8th Cir. 2017) (per curiam) (revocation sentencing decisions are reviewed under same standards as initial sentencing decisions; substantive reasonableness of sentences are reviewed for abuse of discretion). The record reflects that, in determining the sentence for the new convictions, the court carefully considered and discussed relevant 18 U.S.C. § 3553(a) factors and imposed a sentence within the Guidelines range. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (discussing substantive reasonableness; appellate court may apply presumption of reasonableness

_____

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

-2-

to Guidelines-range sentence).  As to the revocation sentence, the consecutive 12-month sentence was below both the statutory limit and the revocation Guidelines range.  See 18 U.S.C. § 3583(e)(3) (24-month maximum revocation sentence when original conviction was Class C felony); U.S.S.G. §7B1.4(a) (range is 18-24 months for Grade A violation with Category III criminal history); see also United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (noting that when court imposed below-Guidelines-range sentence, it was "nearly inconceivable" that court abused its discretion in not varying downward still further).

An independent review of the record reveals no nonfrivolous issues for appeal. See Penson v. Ohio, 488 U.S. 75 (1988).  Accordingly, we grant counsel leave to withdraw, and we affirm both sentences.

_____