# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3235
_____

United States of America

*Plaintiff - Appellee*

v.

Konrad Swimmer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: October 15, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Konrad Swimmer pleaded guilty to one count of failure to pay legal child support obligations in violation of 18 U.S.C. § 228(a)(3). On April 6, 2012, he was sentenced to five years of unsupervised probation and ordered to pay restitution. Swimmer repeatedly failed to pay restitution and failed to remain current with his child support payments. As a result, his unsupervised probation was reviewed and

reinstated twice; on the third occasion it was revoked and replaced with a five-year term of supervised probation. Swimmer's supervised probation was revoked and reinstated shortly thereafter for failure to maintain contact with his probation officer and he was ordered to reside at a halfway house for two months. In June 2017, the probation office filed its fifth petition to revoke Swimmer's probation, and Swimmer admitted to the violation of failing to timely notify his probation officer of his change in residence. The advisory Guidelines range for this violation was 7 to 13 months' imprisonment. The district court[1] revoked Swimmer's probation and sentenced him to 21 months' imprisonment, followed by one year of supervised release. Swimmer appeals, arguing the sentence was substantively unreasonable.

We review the substantive reasonableness of the district court's revocation sentence under a deferential abuse-of-discretion standard, United States v. McGhee, 869 F.3d 703, 706 (8th Cir. 2017) (per curiam), applying "the same 'reasonableness' standard that applies to initial sentencing proceedings," United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). Although Swimmer's sentence exceeds the Guidelines range for the probation violation, it is within the range for his original offense (15 to 21 months). We conclude that the district court considered all of the 18 U.S.C. § 3553(a) factors and the sentence is substantively reasonable. At the revocation hearing, the district court noted that Swimmer was given "several chances" to adhere to the terms of his probation but had repeatedly failed to do so. Given Swimmer's recidivism and history with probation, it was not an abuse of discretion to conclude that a 21-month period of incarceration was sufficient but not greater than necessary to achieve the goals of sentencing.

The judgment of the district court is affirmed.

———————————————

———————————————

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.