# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1800

_____

United States of America

*Plaintiff - Appellee*

v.

Tam Henry Holmes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 19, 2019
Filed: July 30, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Tam Holmes pleaded guilty to four counts of bank robbery. *See* 18 U.S.C. § 2113(a). The presentence investigation report ("PSR") applied a two-level enhancement to Count Three because it concluded that Holmes made a threat of death during the robbery. *See* U.S.S.G. § 2B3.1(b)(2)(F). The enhancement resulted in an

offense level of 24 for Count Three. The district court[1] found a total offense level of 25, a criminal history category of VI, and an advisory sentencing guidelines range of 110 to 137 months' imprisonment. It sentenced Holmes to 120 months' imprisonment on each count, to run concurrently. Holmes appeals, arguing that the district court plainly erred by applying the enhancement to Count Three and that his sentence is substantively unreasonable.

Holmes did not object to the enhancement before the district court, so we review for plain error. *See United States v. McGhee*, 869 F.3d 703, 705 (8th Cir. 2017) (per curiam). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *United States v. Lomeli*, 596 F.3d 496, 504 (8th Cir. 2010). "If a defendant makes that showing, an appellate court may exercise its discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

The enhancement did not affect Holmes's substantial rights. His Count Four conviction also had an adjusted offense level of 24 due to enhancements for obstruction of justice, *see* U.S.S.G. § 3C1.2, and the specific offense characteristics, *see* U.S.S.G. § 2B3.1(b)(2)(F), meaning the greater of Holmes's adjusted offense levels would have been 24 without the threat-of-death enhancement on Count Three. After accounting for the increase in offense level for multiple counts, *see* U.S.S.G. §§ 3D1.2, 3D1.4, and his acceptance of responsibility, *see* U.S.S.G. § 3E1.1, Holmes's total offense level would still have been 25, and his guidelines range would have remained the same. Thus, the district court did not plainly err.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

"We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard . . . ." *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). Holmes's 120-month sentence is within the guidelines range, and we presume that it is reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Holmes argues that his sentence is substantively unreasonable because of his age, mental disabilities, and because he accepted responsibility for his conduct. But the district court expressly recognized his "mental health issues" at Holmes's sentencing, and Holmes argued at his sentencing that the district court should consider his age and acceptance of responsibility. "[W]e presume the district court considers such matters as are presented to it." *United States v. Grimes*, 702 F.3d 460, 471 (8th Cir. 2012). Holmes's arguments do not overcome our presumption of reasonableness. The district court properly considered the § 3553(a) factors and made no clear errors of judgment.

We affirm.

_____