# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2505

_____

United States of America

*Plaintiff - Appellee*

v.

Damarius Asim Simmons, also known as D-Mac, also known as D

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: November 14, 2019
Filed: November 26, 2019
[Unpublished]

_____

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Damarius Simmons appeals the judgment of the district court[1] revoking his supervised release and sentencing him to six months in prison and three years of

---

[1]The Honorable Charles J. Williams, United States District Judge for the Northern District of Iowa.

supervised release, with a special condition--among others--that he reside in a residential reentry center for up to 120 days following his release from custody.

Following careful review of the record, and particularly the transcript of the revocation hearing, we conclude that the district court imposed a substantively reasonable sentence. See United States v. McGhee, 869 F.3d 703, 705-06 (8th Cir. 2017) (per curiam) (holding that substantive reasonableness of revocation sentence is reviewed under same abuse-of-discretion standard applied to initial sentences). There is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Nor is there any indication that the additional imposition of the special condition involving up to 120 days at a residential reentry center amounted to plain error. See United States v. Carlson, 406 F3d. 529, 531 (8th Cir. 2005) (holding that review of sentencing judge's imposition of special condition of supervised release is generally for abuse of discretion, but is for plain error when defendant fails to object).

We affirm the judgment of the district court and grant counsel's motion to withdraw.

_____