# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2032
_____

United States of America

*Plaintiff - Appellee*

v.

James Thomas

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 14, 2025
Filed: April 30, 2025
_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.
_____

SMITH, Circuit Judge.

James Thomas appeals his nine-month sentence imposed upon the revocation of his supervised release. We affirm.

## I. *Background*

In 2019, Thomas pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 70 months' imprisonment

followed by three years of supervised release. After serving his prison sentence, Thomas's term of supervised release commenced on May 17, 2023. On February 27, 2024, the United States Probation Office (USPO) filed a petition to revoke Thomas's supervised release based on him violating mandatory conditions of his supervised release, and it subsequently filed a superseding petition on April 3, 2024. The petition alleged that Thomas had tested positive for controlled substances on at least eight occasions between June 28, 2023, and February 5, 2024. Moreover, Thomas had failed to submit to mandatory drug tests on several occasions, failed to update a change in residence, failed to report contact with law enforcement, and failed to participate in the substance abuse treatment program. The USPO filed a report with the district court[1] providing a description of the alleged violations, the history of Thomas's supervision, the grades of the violations, the applicable United States Sentencing Guidelines range, and the factors the district court should consider under 18 U.S.C. § 3553(a)(4)(B).

At the revocation hearing, Thomas admitted to all the violations alleged in the petition. Upon finding that the violations had occurred, the district court noted that the Guidelines range was 6–12 months, with a statutory maximum of 2 years. The court heard arguments from both sides. Thomas requested a sentence of time served[2] with court-ordered inpatient drug treatment because most of the violations concerned drug use. The government requested a Guidelines sentence with no supervised release based on Thomas's repeated failure to receive treatment for his drug problem despite being given several opportunities. Afterwards, Thomas made a statement to the court. After hearing from both parties and Thomas, the court imposed the following sentence:

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

[2]Thomas had been in custody for 20 days by the date of the final revocation hearing because he had failed to appear for the original scheduled revocation hearing and was being detained pending the final revocation hearing.

Based on the Sentencing Reform Act of 1984 and considering the provisions in 18 United States Code Section 3553, Mr. Thomas is committed to the custody of the Bureau of Prisons for nine months with no term of supervised release to follow. I recommend that he participate in substance abuse treatment during incarceration.

R. Doc. 52, at 8.

## II. *Discussion*

On appeal, Thomas argues that the district court's reference to the § 3553 factors was not sufficient to explain his sentence because the court did not explicitly discuss the § 3553 factors, the Chapter 7 policy statements, or defense counsel's arguments as to why Thomas needed inpatient treatment rather than prison time. In other words, Thomas alleges that the brevity of the district court's sentence explanation was a procedural error. We affirm.

We review the procedural soundness of a revocation sentence with the same deferential abuse-of-discretion standard applied to the initial sentencing proceedings. *United States v. Keatings*, 787 F.3d 1197, 1202 (8th Cir. 2015). However, because Thomas failed to raise any procedural objections at sentencing, we will review his claim of procedural soundness for plain error. *See United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *Id.* (quoting *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017)).

"[A] district court is not required to provide a full opinion in every case, but must set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Hill*, 552 F.3d 686, 691 (8th Cir. 2009) (internal quotation marks omitted). A district court "need not recite all the factors on the record, nor is it required to make a specific rejoinder to each argument advanced by the defendant." *United States v. Jones*, 563 F.3d 725, 730 (8th Cir. 2009) (internal quotation marks omitted). "[A]ll that is generally required to satisfy the appellate

-3-

court is evidence that the district court was aware of the relevant factors." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). Moreover, in assessing whether the district court's consideration of the § 3553 factors was adequate, "we review the entire sentencing record, not just the judge's statements at the hearing." *Jones*, 563 F.3d at 729.

Here, the district court had originally sentenced Thomas in 2019 and was familiar with his criminal history and background. At his supervised release revocation hearing, the court had a memorandum before it that detailed Thomas's supervised release violations, the pertinent policy considerations, and the applicable Guidelines range. At the start of sentencing, the court examined all of Thomas's violations, the applicable Guidelines range, and heard arguments from both sides. In pronouncing the within-Guidelines sentence, the court explicitly stated that it had considered the § 3553 factors and recommended that Thomas seek drug treatment while in prison. Thomas's sentence is not novel. *See Perkins*, 526 F.3d at 1111 (upholding a two-year sentence under similar circumstances); *see also Keatings*, 787 F.3d at 1202–03 (upholding a ten-year sentence under similar circumstances). We are satisfied that the district court considered Thomas's arguments and rationally reached a reasonable sentence on its own. Viewing the record as a whole, we are not convinced that the district court plainly erred. Therefore, Thomas's claim fails under plain error review.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.[3]

_____

_____

[3]The government's motion to supplement the record is denied.