# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-1957
_____

United States of America

*Plaintiff - Appellee*

v.

Dominique Holliday, also known as $SlickkRickk13

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 17, 2025
Filed: June 23, 2025
[Published]
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Dominique Holliday pleaded guilty to one count of conspiracy to distribute fentanyl and one count of conspiracy to commit money laundering. Holliday appeals his sentence, and we affirm.

# I.

Approximately every two weeks from April through December 2021, Holliday shipped between 200 and 300 fentanyl pills from Arizona, where he was living, to a person named C.K. in Iowa. On December 9, C.K. sold ten pills he bought from Holliday to A.R., who then took them and overdosed later that day. Emergency personnel arrived and administered Narcan, and A.R. became responsive. The next day, C.K. sold A.R. another ten fentanyl pills from the supply he obtained from Holliday, A.R. overdosed after taking some of the pills, and emergency personnel revived her with Narcan. Ten days later, law enforcement executed a search warrant on C.K.'s residence and found 790 fentanyl pills, all of which he had purchased from Holliday.

Holliday was charged with one count of conspiracy to distribute fentanyl, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of conspiracy to commit money laundering, 18 U.S.C. § 1956(h). He pleaded guilty to both counts without a plea agreement.[1]

At sentencing, Holliday objected to the PSR's failure to recommend his eligibility for relief under the safety-valve. See 18 U.S.C. § 3553(f)(1)–(5) (identifying requirements that, if met, permit the court to impose a sentence below the statutory minimum sentence); USSG §§ 2D1.1(b)(18) (providing for two-level reduction in offense level if safety-valve requirements are met), 5C1.2(a). The district court overruled the objection and calculated his Guidelines range at 87 to 108 months. Holliday moved for a downward variance to the 60-month mandatory minimum sentence. The government moved for an upward departure under USSG § 5K2.2 because the offense resulted in "significant physical injury" or, alternatively, an upward variance, and requested a 121-month sentence. See 18 U.S.C. § 3553(a).

---

[1]The parties dispute whether Holliday waived his right to appeal. Because we affirm on the merits, we need not address this issue.

The district court[2] sentenced Holliday to 87 months' imprisonment followed by a five-year term of supervised release. Holliday appeals.

## II.

Holliday argues that the district court erred in determining he was ineligible for safety-valve relief. We review the district court's "application of the Guidelines *de novo*," United States v. Hansen, 111 F.4th 863, 870 (8th Cir. 2024), and its "factual findings as to safety-valve eligibility for clear error," United States v. McVay, 996 F.3d 845, 848 (8th Cir. 2021). "The defendant bears the burden to show that he has satisfied the criteria for safety-valve relief." Id.

To qualify for safety-valve relief, a defendant's offense must not have "result[ed] in death or serious bodily injury to any person." 18 U.S.C. § 3553(f); see also USSG § 5C1.2(a)(3). Holliday does not contest that an overdose qualifies as "serious bodily injury." Rather, he argues that the evidence failed to establish a "direct chain of custody" between the fentanyl pills he distributed to C.K. and those that A.R. ingested. But Holliday did not object to the information in the PSR stating that A.R. overdosed after taking fentanyl she bought from C.K., and that C.K. had purchased the fentanyl from Holliday. As we have explained, "unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) (quoting United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999)). The district court did not clearly err in finding Holliday ineligible for safety-valve relief based on the unobjected-to information in the PSR.

Holliday also challenges his sentence, arguing that it is "greater than necessary to achieve the goals of 18 U.S.C. § 3553(a)." He points to several accomplishments he has achieved in life, despite having had a difficult childhood, including success

---

[2]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

in high school, his "ability to work hard," and his dedication to his daughter. He also underscores the fact that he voluntarily "stepped away" from selling drugs, long before he was indicted.

The district court considered these factors, noting Holliday had a "troubled childhood" yet he later "graduated from high school with a very good GPA" and "has been gainfully employed." The court also recognized that Holliday "cease[d] his own involvement in drug distribution on his own before he had contact with law enforcement." The court placed significant weight on the dangers of distributing fentanyl—a drug it called "a poison" and that it noted Holliday was selling "just for the money"—and on A.R.'s overdoses. And it found that Holliday's role in the overdoses warranted an upward departure under § 5K2.2 or, alternatively, an upward variance. See USSG § 5K2.2 ("If significant physical injury resulted, the court may increase the sentence above the authorized guideline range."). But Holliday's voluntary choice to "step away from" his criminal conduct "on his own," as well as his ability to demonstrate in the following two years before he was indicted "that he c[ould] lead a law-abiding life," were significant in the court's decision to ultimately "vary downward" to a sentence lower than it otherwise would have imposed. We discern no abuse of discretion. See United States v. Neri, 73 F.4th 984, 989 (8th Cir. 2023) (explaining that simply "disagree[ing] with how the district court chose to weigh the § 3553(a) factors" does not "demonstrate an abuse of discretion"); see also United States v. Anderson, 90 F.4th 1226, 1227 (8th Cir. 2024) ("A district court has wide latitude in weighing relevant factors, including discretion to assign more weight to the offense's nature and circumstances than to the defendant's 'mitigating personal characteristics.'" (quoting United States v. Frenchone One Horn, 62 F.4th 461, 463 (8th Cir. 2023))).

We affirm.

_____