# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2284
_____

United States of America

*Plaintiff - Appellee*

v.

Edgar T. Pratt

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 15, 2025
Filed: July 9, 2025
_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Edgar Pratt was on supervised release when he absconded from a residential reentry center. Nearly eight months later, Pratt was arrested pursuant to a warrant for violating the terms of his supervised release. The district court[1] held a hearing,

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

revoked Pratt's supervised release, and sentenced him to 24 months' imprisonment. Pratt appeals, challenging both the procedural soundness and substantive reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Pratt began a three-year period of supervised release in September 2022 after serving a term of imprisonment for possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). In June 2023, the U.S. Probation Office issued a violation report and recommended modifying the conditions of Pratt's release based on his access to a firearm and communication with a party he was forbidden from contacting. Pratt waived a hearing on this violation, and the district court modified the conditions of Pratt's release, requiring him to reside at and participate in a residential reentry center program. Pratt again violated his supervised release in July of 2023, this time by sending threatening Facebook messages. The Probation Office recommended modifying Pratt's supervised release again, and, after Pratt's assent to the modifications and waiver of a hearing, the district court modified the conditions as requested. Finally, one month later, the Probation Office issued another violation report as Pratt left the reentry center without permission, ceased communicating with his probation officer, and otherwise failed to complete the reentry program.

A warrant was issued for Pratt's arrest. Prior to his arrest, the Probation Office reported three additional violations. Pratt was ultimately apprehended eight months later. At Pratt's revocation hearing, the Government did not present evidence on the three additional violations Pratt committed after absconding from the reentry center because "an investigation . . . [wa]s still pending at the state level." Pratt admitted that he violated his supervised release in August 2023 by absconding from the reentry center and failing to complete the reentry program. After this stipulation, the district court calculated Pratt's United States Sentencing Guidelines range to be 8 to 14 months' imprisonment. The Government recommended the district court

sentence Pratt to 14 months' imprisonment followed by no term of supervised release, as it thought that the district court "should use th[e] limited resources to help another individual on supervised release rather than Mr. Pratt who has demonstrated that he is not amenable to supervision." The district court then revoked Pratt's supervised release but imposed the statutory maximum of 24 months' imprisonment based on Pratt's extensive criminal history and resistance to supervision. Pratt now appeals.

II.

Pratt makes several challenges to his revocation sentence on appeal. Generally, "[w]e review the district court's revocation sentencing decision 'under the same "deferential-abuse-of-discretion" standard that applies to initial sentencing proceedings.'" United States v. Clark, 998 F.3d 363, 367 (8th Cir. 2021) (citations and emphasis omitted). "This [C]ourt reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010).

"Procedural errors include '. . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Clark, 998 F.3d at 367 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Though Pratt does not frame his argument as one sounding in procedural error, his claims that the district court "failed 'to explain its [sentencing] decision'" and had "no evidence" to support its findings are procedural in nature. But Pratt failed to object on the grounds of procedural error before the district court; thus, "we review [these claims] for plain error." See United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019). To prevail, Pratt must show: "(1) there was an error, (2) the error was plain, and (3) the error affected his substantial rights." United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009).

First, the district court adequately explained its decision to impose a 24-month revocation sentence. The district court noted Pratt's lengthy history of noncompliance with supervised release and parole, his absconding from the residential reentry program, and his subsequent failure to live in the appropriate residence. It also explained its reasons for imposing the maximum 24-month sentence rather than an additional term of supervised release:

> This is based on the break in trust that the [c]ourt placed on you to abide by the conditions of your supervision and by you absconding . . . for almost [seven], [eight] months. That is a significant break in trust, and in conjunction with the [§] 3553 factors, you are very experienced in being on supervision in the past. I know you have had a lot of bobbles while on supervision and you haven't learned how to properly live in the community while on supervision and maintain employment, so the high end is most appropriate in this situation.

This explanation is "enough to satisfy [this C]ourt that [the district court] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." See United States v. Walker, 103 F.4th 515, 522 (8th Cir. 2024) (citation omitted); see also United States v. John, 27 F.4th 644, 651 (8th Cir. 2022) ("The sentencing transcript makes clear that the district court considered the § 3553(a) sentencing factors, even highlighting several of them, when it explained the reasons for its sentence.").

Second, the district court did not plainly err when it referred to Pratt making "a lot of bobbles while on supervision." The district court was no doubt familiar with Pratt's noncompliance while on supervised release, as it presided over all of the modification orders to Pratt's supervised release before ruling on revocation. See United States v. Jones, 730 F. App'x 404, 405 (8th Cir. 2018) (per curiam) (determining there was no abuse of discretion where district court "was quite familiar" with the defendant's "history and characteristics and his noncompliance with his supervised-release conditions" because the court presided over the defendant's "prior sentencings, modifications, and revocation"). The district court

did not plainly err when considering Pratt's history of noncompliance with federal supervision at sentencing.

Pratt next challenges the substantive reasonableness of his sentence. He claims that the district court erred by placing undue weight on an improper § 3553(a) factor and that the § 3553(a) factors did not support imposing the statutory maximum sentence. "A sentence is substantively unreasonable if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. DeMarrias, 895 F.3d 570, 573-74 (8th Cir. 2018) (citation omitted). This Court affords the district court "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Id. at 574 (citation omitted). Thus, "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted).

Here, we find no abuse of discretion by the district court as it explicitly stated that it considered the applicable § 3553(a) factors and relied on said factors when fashioning Pratt's sentence. The district court specifically referenced Pratt's criminal history and characteristics when imposing its sentence, and the district court did not abuse its discretion by placing great weight on Pratt's history of noncompliance with court supervision. See Esteras v. United States, No. 23-7483, 2025 WL 1716137, at *3 (U.S. June 20, 2025) (noting that it is permissible for courts to consider § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant, when revoking supervised release); United States v. Starr, 111 F.4th 877, 880 (8th Cir. 2024) (finding no abuse of discretion where the district court "impos[ed] an upward variance based on [the defendant]'s continued inability to adhere to the terms of her supervised release"); United States v. Harris, 55 F.4th 1162, 1164 (8th Cir. 2022) ("We have repeatedly upheld

-5-

revocation sentences that varied upward from the advisory [G]uidelines range because the defendant was a 'recidivist violator of supervised release conditions.'" (emphasis omitted)).  Pratt's argument that the district court relied on "unproven allegations" is without merit, as the district court specifically stated that it was setting aside the supplemental violation reports that Pratt did not stipulate to at sentencing. Finally, the district court acted within its discretion when sentencing Pratt to the statutory maximum after reviewing his criminal history and noting that Pratt "scoffed at every condition" and "d[id not] appear to be amenable to being supervised."  The district court did not abuse its discretion when imposing Pratt's revocation sentence, and Pratt's disagreement with the district court does not warrant reversal.  See Starr, 11 F.4th at 881 (noting that affording mitigating factors less weight than other pertinent factors "does not warrant reversal"); United States v. Haskins, 101 F.4th 997, 1000 (8th Cir. 2024) ("Thus, 'disagreement with how the district court weighed the relevant sentencing factors does not justify reversal.'" (citation omitted)).

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____