# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2788

_____

United States of America

*Plaintiff - Appellee*

v.

Joe L. Franklin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: February 19, 2026
Filed: February 24, 2026
[Unpublished]

_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Joe Franklin appeals after the district court[1] revoked his supervised release and sentenced him to 36 months in prison with 2 years of additional supervised release.

_____

[1]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

His counsel, who has moved to withdraw, has filed a brief challenging the reasonableness of the sentence and the imposition of a special condition of release, and identifying an apparent clerical error with the written judgment.

After careful review, we conclude the district court did not commit plain procedural error when addressing the statutory sentencing factors, as it was not required to mechanically list the factors, *see* 18 U.S.C. §§ 3553(a); 3583(e), (c); *United States v. McGhee*, 869 F.3d 703, 705, 706 (8th Cir. 2017) (per curiam); it presumably considered the parties' arguments on relevant factors, *see United States v. Beckwith*, 57 F.4th 630, 633 (8th Cir. 2023) (per curiam); and a fair reading of the record reflects that the court limited its analysis to consideration of relevant factors, *see Esteras v. United States*, 606 U.S. 185, 202-03 (2025) (explaining the standard of review); *United States v. Pratt*, 142 F.4th 1090, 1095 (8th Cir. 2025) (concluding the district court did not plainly err by considering defendant's noncompliance while on supervision).

We further conclude the district court did not plainly err by reimposing a special condition of release requiring Franklin to "comply with any referral deemed appropriate by the United States Probation Office for in-patient or out-patient evaluation, treatment, counseling, or testing for substance abuse, including urinalysis for testing purposes." Franklin did not contest that condition when it was originally imposed, *see, e.g.*, *United States v. Lincoln*, 876 F.3d 1137, 1140-41 (8th Cir. 2017), and, regardless, the court did not impermissibly delegate its authority, *see United States v. Conelly*, 451 F.3d 942, 944-45 (8th Cir. 2006) (reviewing improper-delegation challenge for plain error when defendant did not object in district court, and finding no such error because the district court "made no statements indicating it relinquished authority over the conditions of [defendant's] supervised release").

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____