# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-3017

_____

United States of America

*Plaintiff - Appellee*

v.

Raheam D. McLean

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 10, 2026
Filed: April 15, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Raheam McLean appeals after the district court[1] revoked his supervised release and sentenced him to a within-Guidelines term of 9 months in prison. His counsel

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

has moved for leave to withdraw and has filed a brief challenging the adequacy of the sentence explanation and asserting an error based on Tapia v. United States, 564 U.S. 319, 335 (2011) (court may not impose or lengthen prison sentence to enable offender to complete treatment program or otherwise promote rehabilitation).

Upon careful review, we note that McLean did not raise these issues below, and we therefore review for plain error. See United States v. Pazour, 609 F.3d 950, 952 (8th Cir. 2010) (per curiam) (appellate court may correct unpreserved error when appellant demonstrates, inter alia, error is clear and obvious and error affects substantial rights). Regarding the sentence explanation, we discern no clear error, see United States v. Thomas, 135 F.4th 1115, 1118 (8th Cir. 2025) (no plain error as to revocation sentence where district court was familiar with defendant's history, had memorandum detailing policy considerations, examined violations, heard arguments, and pronounced "not novel" sentence), let alone error impacting McLean's substantial rights, see United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016) (appellant raising forfeited objection to sentence explanation confronts daunting task in convincing appellate court that more detail would have resulted in lighter sentence). As to the arguments concerning Tapia, we similarly conclude there was neither obvious error nor anything to show the likelihood of a lesser sentence. See United States v. Blackmon, 662 F.3d 981, 986-88 (8th Cir. 2011) (no plain Tapia error, as district court never expressed intention to lengthen sentence for rehabilitation, and defendant could not show likelihood of lower sentence).

The written judgment's statement, in part, that McLean was adjudicated guilty of violating "Mandatory Condition No. 1" regarding the commission of another crime conflicts with the oral pronouncement at sentencing. Because the record on appeal makes the district court's intent clear, we modify the written judgment to omit any finding of guilt as to "Mandatory Condition No. 1." See 28 U.S.C. § 2106; see also United States v. Henderson, 902 F.3d 822, 828-29 (8th Cir. 2018) (where oral sentence conflicts with written judgment oral sentence controls; remand to district

court unnecessary where panel can correct error concerning conditions violated itself). We affirm the judgment as modified and grant counsel's motion to withdraw.

_____