# United States Court of Appeals
### For the Eighth Circuit
_____

No. 25-1342
_____

United States of America

*Plaintiff - Appellee*

v.

Steven Clay Bruhn, also known as Crash

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: December 19, 2025
Filed: June 17, 2026
_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.
_____

SMITH, Circuit Judge.


Steven Bruhn appeals the sentence imposed upon revocation of his supervised release. He asserts that the district court[1] plainly erred by imposing his sentence

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

based on speculation and unsupported inferences; namely, by relying on facts found in the unobjected-to violation report. We disagree and affirm.

I. *Background*

The government charged Bruhn with conspiracy to distribute and possess with intent to distribute controlled substances. After bonding out, Bruhn spent time at inpatient rehabilitation facilities. He showed signs of improvement, and he cooperated with the government.

Based on Bruhn's cooperation, the district court deferred acceptance of his plea to hopefully facilitate his rehabilitation. Later, after determining that he had sufficiently rehabilitated, the district court sentenced him to time served and five years of supervised release. At sentencing, the court, noting his long history of substance abuse, warned Bruhn to stay out of the drug scene.

About a year into Bruhn's supervised release, the government filed a petition to revoke his supervised release. Among other things, the government alleged that Bruhn had resumed abusing drugs, including methamphetamine, and that he had been terminated from the treatment program.

The magistrate judge ordered Bruhn's detention pending the final revocation hearing. Bruhn sought reconsideration of the detention order. Bruhn argued that his acceptance into the North Dakota Adult and Teen Challenge rehabilitation program showed detention was not needed. The magistrate judge allowed Bruhn's release to Teen Challenge but imposed several conditions. Specifically, the magistrate required Bruhn to reside at Teen Challenge, fully participate in the program, and comply with its rules and regulations. Additionally, the magistrate judge gave Bruhn's probation officer access to all relevant information from Teen Challenge and directed the officer to monitor Bruhn's progress. Finally, the magistrate judge also ordered Bruhn's immediate surrender to the United States Marshal should Teen Challenge terminate him from the program.

Teen Challenge terminated Bruhn from the program after only two days of residency. Notably, two other rehabilitation programs had previously expelled him for nonparticipation in programming. After the termination from Teen Challenge, Bruhn failed to surrender himself to the United States Marshal.

At the final revocation hearing, the district court asked the government why the Teen Challenge program placement failed. The government replied: "Well as I understand it, he did not want to participate in the program, your Honor." R. Doc. 452, at 7. The district court then remarked:

> So you were given a golden ticket, Mr. Bruhn, an opportunity to change your life, and you screwed it up. And here you are back here. Just wanted to serve your time and get this over with and get back on the street and get back to this same conduct; that's why I'm varying upward.

*Id.*

Later in the hearing, the court also said: "[M]y understanding is he flushed out of those programs because he just signed up for them because he didn't want to serve time in custody." *Id.* at 9.

And later the court addressed Bruhn directly:

> [T]he problem that I have, Mr. Bruhn, is that you convinced me at the time of your [initial] sentencing that you were deserving of a time-served sentence. So there was something that I saw in you that had potential. But you've fallen back into your addiction and you're not taking it seriously. Even when [probation] has been trying to work with you and get you to be compliant, you're screwing around. And so the problem is "Fool me once, shame on you; fool me twice, shame on me." You're not going to fool me a second time.

*Id.* at 15–16.

-3-

The district court correctly calculated Bruhns' Guidelines range as 5 to 11 months based on his criminal history category and offense level. Then, the court varied upward and sentenced Bruhn to 20 months' imprisonment.

## II. *Discussion*

Bruhn now appeals the supervised release revocation and sentence. He argues that the district court plainly erred because it imposed the sentence based on speculation and unsupported inferences. In particular, he cites the court's statement that Bruhn had no interest in participating while at Teen Challenge to treat his addiction.

We normally "review the district court's revocation sentencing decision under the same deferential-abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (citation modified). We do so in two steps.[2] Where, as here, the defendant raises no procedural error objection at sentencing, we review for plain error. *See Clark*, 998 F.3d at 367. To prevail under this standard, Bruhn must show that the district court made (1) an "error, (2) the error was plain, and (3) the error affected his substantial rights." *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009). He must also show that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation modified).

The district court made no factual error in summarizing Bruhn's conduct. "We reverse for clear error only when the entire record definitely and firmly illustrates

[2]"[F]irst, we review for significant procedural error . . . ." *United States v. Hall*, 931 F.3d 694, 696 (8th Cir. 2019) (citation modified). Second, if we find no procedural error, we review for substantive reasonableness "in relation to the advisory sentencing range and the factors from [18 U.S.C.] § 3553(a) that are cited in [18 U.S.C.] § 3583(e)." *Id.* Bruhn only alleged procedural error, as he does not contest the reasonableness of his sentence. Procedural error includes basing a sentence on clearly erroneous facts. *Clark*, 998 F.3d at 367. It is likewise procedural error to engage in "speculation or draw inferences unsupported by the record." *United States v. Harrell*, 982 F.3d 1137, 1140 (8th Cir. 2020).

that the lower court made a mistake." *United States v. Clark*, 999 F.3d 1095, 1097 (8th Cir. 2021) (per curiam) (citation modified). Here, the entire record neither definitively nor firmly shows a mistake. Instead, the record confirms Bruhn's history of noncompliance, a lengthy drug addiction, and a disinterest in improvement. Here, the court did not "engage[] in speculation [nor draw] inferences not supported by the record," as Bruhn argues. Appellant's Br. 14.

Bruhn's violation report detailed his release condition breaches. It specifically noted that Bruhn "indicated he did not intend to participate in the [Teen Challenge] program and only wanted a sober place to release to." R. Doc. 439, at 4. Moreover, Bruhn admitted to Violation # 5, which relied on this fact. He did not object to the violation report. The district court could permissibly rely on this unobjected-to fact contained in the violation report. *See United States v. Holliday*, 140 F.4th 986, 988–89 (8th Cir. 2025) (per curiam) (finding no clear error where the district court relied on unobjected-to facts in the PSR); *cf. United States v. Richey*, 758 F.3d 999, 1003–04 (8th Cir. 2014) (recognizing that the district court permissibly relied on undisputed portions of the adjustment report when imposing a revocation sentence). At the revocation hearing, Bruhn's probation officer also told the district court that a Teen Challenge staff member had informed the officer that Bruhn said "Oh, I'm just cutting here so I can get someplace else. I need to get out of custody." R. Doc. 452, at 10.

This district court knew Bruhn and his background having previously sentenced him. *Cf. United States v. Pratt*, 142 F.4th 1090, 1094 (8th Cir. 2025) (finding district court adequately explained revocation decision by noting defendant's "significant break in trust" and "lengthy history of noncompliance"). Read in context, the district court's comments reflect an awareness of Bruhn's history and violation of the terms imposed on his release to Teen Challenge. *Cf. United States v. Archambault*, 730 F. App'x. 389, 390 (8th Cir. 2018) (unpublished per curiam) (finding no plain error where district court commented that the defendant had run away from treatment facility twice, when the defendant had not absconded on most recent visit).

Similarly, the district court expressly justified its upward variance. We require a district court to provide "evidence that [it] was aware of the relevant factors" when imposing a sentence in a revocation proceeding. *United States v. Thomas*, 135 F.4th 1115, 1118 (8th Cir. 2025) (citation modified). Here, the district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 1117–18 (citation modified). The district court noted that it "considered the Sentencing Guidelines under Chapter 7 and the sentencing factors under 18 U.S.C. § 3553(a)." R. Doc. 459, at 16. It also noted its previous leniency and Bruhn's treatment noncompliance, and it reminded the parties of its intention to vary upward. These considerations support affirmance of the sentence. *See, e.g.*, *United States v. Larison*, 432 F.3d 921, 923 (8th Cir. 2006) ("A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release. There must, however, be evidence that the district court considered the relevant matters and that some reason be stated for its decision." (citation modified)); *United States v. Starr*, 111 F.4th 877, 880 (8th Cir. 2024) (affirming an upward variance as substantively reasonable where the district court considered the leniency of its original time-served sentence as one factor supporting its decision to vary upward upon revocation); *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009) ("[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors.").

## III. *Conclusion*

The district court considered the relevant sentencing factors, the parties' arguments, and Bruhn's previous conduct both before the same district court and in treatment programs. Ultimately, it determined that the facts warranted a custodial sentence. It did not err. We affirm.